# Boyd *v.* The State.

### *Robbery.*

(Decided Jan. 23, 1908.   45 So. Rep. 591.)

1. *Robbery; Indictments; Sufficiency.*—An indictment charging that defendant took one ten dollar bill of the lawful currency of the United States, of the denomination of $10.00, is sufficient as to indemnity and value.

*2. Appeal; Harmless Error; Admission in Evidence.*—If it was error to admit testimony that at the time he was robbed the witness was on a visit to a certain city such error was not prejudicial to the defendant.

*3. Robbery; Evidence; Admissibility.*—It is permissible for the state to prove by others that the person alleged to have been robbed had money on his person shortly before the robbery, and to do this, it may be shown that he was spending money in a nearby saloon and that he drew money out of his pocket there, and was seen with money out in front of the saloon, and that he went from there to the place where he was robbed.

*4. Appeal; Harmless Error; Exclusion of Evidence.*—If it was error to exclude evidence by the defendant tending to show that charges were docketed against prosecuting witness, or that such witness had been convicted of disorderly conduct, such error was rendered harmless where it was otherwise shown that such witness was convicted and fined for being drunk and down.

*5. Trial; Reception of Evidence; Evidence in Rebuttal.*—Where it was shown that after swearing out the warrant the prosecuting witness went to his home and did not return to the preliminary trial for a long time it was competent for the state to show in rebuttal that during the time witness was afflicted with rheumatism.

*6. Same; Conduct of Trial; Presence of Defendant.*—During defendant's temporary absence from the courtroom a witness testified that she knew him; the court's attention being called to his absence, the testimony was immediately excluded. There was nothing left on which to base an objection that the witness testified during the absence of the defendant and such objection is frivolous.

*7. Same; Exclusion of Witness; Violation of Rule.*—Where a witness is placed under the rule, and remains where he can hear the evidence in violation of the rule, it is within the discretion of the trial court whether such witness be permitted to testify.

*8. Robbery; Instruction.*—Charges which assert that the fact that the person alleged to have been robbed did not have any money just prior to the robbery was a circumstance that might raise a reasonable doubt of defendant's guilt; and that the fact that defendant did not have in his possession the money charged to have been taken just after the alleged robbery and at or near the scene of the robbery, was a like circumstance, was arguemntative and properly refused.

*9. Trial; Affirmative Instructions.*—Where there is conflict in the evidence as to material matters the affirmative charge is properly refused.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Frank Boyd was convicted of robbery, and he appeals. Affirmed.

The indictment charged that Frank Boyd took one $10 bill, of the lawful currency of the United States of America, of the denomination of $10, the property of J. M. Parham, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, etc. The defendant demurred to the indictment as follows: "(1) It fails to aver that the $10 bill, the subject of the offense alleged to have been committed by defendant, was of the value of $10 lawful currency of the United States of America. (2) It charges no offense known to the laws of the state of Alabama. (3) It fails to aver the property alleged to have been taken was of any value." The rulings as to evidence are sufficiently stated in the opinion.

The following charges were requested by the defendant and refused by the court: "(2) The court charges the jury that the fact of Mr. Parham not having any money just prior to the alleged robbery is a circumstance that might raise a reasonable doubt in your mind as to the guilt of the defendant. (3) The court charges you, gentlemen of the jury, that the fact of Frank Boyd not having in his possession a $10 bill just after the alleged robbery, and at or near the scene, is a circumstance which might raise a seasonable doubt in your mind as to the guilt of the accused; and if, from such evidence, you have a reasonable doubt as to whether or not Frank Boyd took a $10 bill from Mr. Parham, you should not convict the defendant." "(10) The court charges the jury that, if you believe the evidence in this case, you will find the defendant not guilty."

The evidence tended to show, for the state, that one Parham, who lived in Crenshaw county, was in Montgomery on or about the 14th day of November, 1906, and had on his person about $22 or $23—one $10 bill, two

$5 bills, and some loose change in his pocket-book; that about 10 o'clock he started from near McLean's bar down the street to a Mr. Pruitt's house, when he was knocked down and rendered nearly unconscious; that he was dragged from the street into a back alleyway, and when he regained consciousness the defendant was on top of him, going through his pockets, and his money was all gone. He did not know who hit him, or who got his money. Defendant was convicted, and sentenced to the penitentiary for 10 years.

GEORGE H. SHREVE, for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

DENSON, J.—There is no merit in the demurrer to the indictment, and the action of the court in overruling it was errorless.—*Thomas' Case*, 117 Ala. 84, 23 South. 659; *Rowland's Case*, 140 Ala. 142, 37 South. 245.

Conceding, without deciding, that the fact that Parham (the person alleged to have been robbed) was on a visit to Montgomery was immaterial to the issue, we cannot see how proof of it could have influenced the jury to the detriment of the defendant; and the exception taken by the defendant to the action of the court in allowing proof of it cannot avail anything.

It was permissible for the state to prove by others than Parham that he had money on his person shortly prior to the robbery; and to do this it was competent to show that he was spending money in a nearby saloon, whence he went in a short time to the place where he was robbed, and that he drew out his pocketbook at the saloon (McLean's bar), and was seen with money out in front of the saloon. Furthermore, the evidence of

[Boyd v. The State.]

McLean and of the defendant himself affords an infer-
ence that the defendant was present at the time Par-
ham exhibited his money.

· If there was error in the ruling of the court disallow-
ing defendant to prove that a charge was "docketed"
against Parham at police headquarters, or that "they"
had convicted him of disorderly conduct, it is shown to
have been error without injury, as the witness immedi-
ately testified that he was found guilty "for being drunk
and down."

In answer to questions propounded by the defend-
ant's counsel, Parham testified that "after swearing out
the warrant in this matter he [Parham] went to his
home in Crenshaw county, and did not return to the
preliminary trial for a long time afterwards." It was
competent for the state, in rebuttal, to explain his long
stay by proof that he was afflicted during the time with
rheumatism.

The witness Julia Evans having testified that she
knew defendant when she saw him, the defendant's coun-
sel said: "We except. The defendant is not in court."
The court immediately excluded the answer of the wit-
ness, whereupon the defendant's counsl said: "I except
to the very fact that she testified before the defendant
came into court." The defendant was only temporarily
absent, and, the only answer given by the witness dur-
ing his absence having been excluded, there remained
nothing upon which to base an exception. The excep-
tion was frivolous.

Whether or not a witness placed under the rule, who
afterwards remains where he can hear the evidence as
it is detailed from the stand by other witnesses in vio-
lation of the rule, may be permitted to testify, is a mat-
ter which rests in the discretion of the trial Court.--

*Braham's Case,* 143 Ala. 28, 39, 38 South. 919, and cases there cited.

The charges refused to the defendant were properly refused. Charges 2 and 3 are mere arguments, while charge 10 is invasive of the jury's province.

No error having been shown the judgment of conviction is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.