## FRANK WOODS v. THE STATE.

### No. 1883.  Decided November 6, 1912.

**1.—Sunday Law—Sale of Intoxicating Liquors—Sufficiency of the Evidence.**

Where, upon trial of a violation of the Sunday Law, by the sale of intoxicating liquors within the prohibited hours between twelve o'clock midnight Saturday until five o'clock a. m. of the following Monday, the evidence sustained the conviction, there was no error.

**2.—Same—Evidence—Bill of Exceptions—License.**

Where, upon trial of selling intoxicating liquors during prohibited hours, the State was permitted to prove that the county clerk had issued a liquor license to the defendant, without proving its contents, there was no error; besides, the bill of exceptions was insufficient.

**3.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions was not properly verified, the same could not be considered on appeal; besides, the evidence admitted as to the name of the defendant was properly admitted.

**4.—Same—Evidence—Name of Defendant—Identity of the Defendant.**

Where, upon trial of selling intoxicating liquors during prohibited hours and on Sundays, it was shown by the clerk of the defendant that the place where the liquor was sold was owned and controlled by the defendant who had a license to sell the same during proper hours, and that the clerk attended to all saloon business for the defendant who got the money therefor; that defendant was usually present when sales were made, a finding by the jury that license had been issued to defendant was thereby sustained, and there was no reversible error.

**5.—Same—Evidence—Identity of Defendant.**

Where defendant was indicted as Frank Woods, there was no error in admitting evidence that retail liquor dealer's license was issued to J. F. Woods, it substantially appearing from the evidence that they were one and the same person.

**6.—Same—Stub-Book—Evidence—Bill of Exceptions.**

Where, upon trial of selling intoxicating liquors on Sunday, the defendant objected to the introduction of a certain stub-book showing the issuance of liquor license, and defendant's bill of exceptions did not show that the said stub-book or its contents was introduced in evidence, there was nothing to review.

**7.—Same—Evidence—Witness Under the Rule—Discretion of Court.**

Where, upon trial of selling intoxicating liquors on Sunday, defendant contended that a certain witness was not placed under the rule, but it appeared that the answer of the witness could not have injured the defendant, there was no reversible error; besides, no abuse of discretion of the court was shown.

**8.—Same—Evidence—Occupation.**

Upon trial of selling intoxicating liquors on Sunday, there was no error in the admission of testimony that defendant was running a saloon in the county of the prosecution; besides, the defendant introduced his clerk who testified to the same fact.

**9.—Same—Evidence—Circumstance—Date of Offense.**

Upon trial of selling intoxicating liquors on Sunday, there was no error in the admission of testimony that the defendant's saloon door was open on Sunday, but that the witness did not recollect whether it was church Sunday.

**10.—Same—Evidence—Fixing Time of Offense.**

Upon trial of selling intoxicating liquors on Sunday, there was no reversible error in the State's attorney's question in order to fix the time, whether the witness remembered when certain persons were summoned before the grand jury, with reference to the time the witness saw the defendant's saloon open, to which the witness answered that he did not know.

**11.—Same—Evidence—Bill of Exceptions—Other Sales.**

Where the bill of exceptions did not disclose the status of the case with reference to the admission of testimony that the witness got a pint of whisky from defendant, the same could not be reviewed; besides, such testimony was admissible.

**12.—Same—Local Option—Presumption—Burden of Proof.**

Upon trial of selling intoxicating liquors on Sunday under a retail liquor dealer's license, it was not incumbent upon the State to prove that prohibition was not in force in the county of the prosecution; besides, the circumstances showed that prohibition was not in force in said county. The court can not presume that prohibition is in force in any county or subdivision thereof.

**13.—Same—Argument of Counsel—Bill of Exceptions.**

In the absence of a bill of exceptions a complaint to the argument of counsel can not be considered on appeal.

Appeal from the County Court of Burleson. Tried below before the Hon. R. J. Alexander.

Appeal from a conviction of unlawfully selling intoxicating liquors during prohibited hours in violation of the Sunday Law; penalty, a fine of $100.

The opinion states the case.

*Buchanan & Stone,* for appellant.—On the question of admitting in evidence testimony of issuance of license to J. F. Woods: State v. Hall, 138 S. W. Rep., 45; State v. Sherman, 119 S. W. Rep., 479; State v. Madeira, 102 S. W. Rep., 1046; State v. Barnett, 85 S. W. Rep., 613; Beane v. State, 80 S. W. Rep., 573; Mullony v. State, 86 S. W. Rep., 569.

On the question that the license itself is the best evidence: Earl v. State, 44 Texas Crim. Rep., 493; Hall v. State, 138 S. W. Rep., 45; State v. Mulloy, 86 S. W. Rep., 569.

On question that saloon business can not be proven by general reputation: Machem v. State, 109 S. W. Rep., 126, and cases supra.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was prosecuted and convicted under article 615, Penal Code, which is sec. 14 of the Act approved April 17, 1909, commonly known as the Fitzhugh-Robertson Liquor Law, and his penalty fixed at a fine of $100.

This article of the statute is as follows: "Every person or firm having a license, who may be engaged in or who may hereafter engage in the sale of intoxicating liquors to be drunk on the premises (in

any locality of this State, other than where local option is in force), shall close and keep closed their houses and places of business and transact no business therein or therefrom from and after twelve o'clock midnight until five o'clock a. m. of each week day, and shall close and keep closed their houses and places of business and transact no business therein or therefrom from and after twelve o'clock midnight Saturday until five o'clock a. m. of the following Monday of each week; and any such person or firm, or his or their agent or employe, who shall open or keep open, or permit to be opened or kept open, any such house or place of business for the purpose of traffic, or who shall sell or barter any intoxicating liquor of any kind, or who shall transact or permit to be transacted therein or therefrom any such business, between the hours aforesaid, shall be deemed guilty of a misdemeanor, and, on conviction, shall be punished by a fine of not less than twenty-five dollars nor more than two hundred dollars, nor more than three months, or by both such fine and imprisonment."

The information charged that appellant on or about April 23, 1911, was a retail liquor dealer having a license as authorized by said Act of the Legislature and was then engaged in the sale of intoxicating liquors to be drunk on his premises where sold in a locality of the State other than where local option was in force, and that he did then and there unlawfully, after 12 o'clock midnight on Saturday April 22, 1911, and before five o'clock a. m. of the following Monday, April 24, 1911, open and permit to be opened his place of business for the purpose of traffic, and did then and there barter and sell intoxicating liquor, to wit: whisky and beer in quantities of less than one gallon and did transact therein and therefrom business between said hours.

The evidence clearly shows that appellant violated said law, and was amply sufficient to sustain the verdict and judgment.

Appellant has a large number of bills of exceptions. Most, if not all, of them are very meager and do not show sufficiently what the record shows nor the case to require this court to pass upon them. The first is, that upon the trial of the cause "while the witnes for the State Wondrash was upon the stand, upon direct examination, counsel for the State asked him the following question: Q. Did you issue a retail liquor dealer's license to Mr. Frank Woods? To which question the defendant objected on the ground that said evidence would be secondary and if such license had been issued the license would be the best evidence thereof, which objection was by the court overruled and the witness was permitted to answer said question, which he did, as follows: A. I issued a retail dealer's license to Mr. J. F. Woods. To which action of the court the defendant, by counsel, then and there excepted and here now, tenders this bill of exception, and prays that it may be examined, approved, etc.," which was done.

His second bill is fully as meager as the one above. It shows that while said same witness was on the stand the State asked him: "Q. Did you issue a retail liquor dealer's license to Mr. Frank Woods?

A. I issued a retail liquor dealer's license to Mr. J. F. Woods, here is Mr. J. F. Woods' application for a permit, his permit, his bond— (producing the instruments)." To which answer of the witness the defendant, by counsel, objected on the ground that the application, permit and bond of J. F. Woods were not admissible in evidence against Frank Woods and that J. F. Woods and Frank Woods had not been shown to be one and the same person, which objection the court over-ruled and the answer was permitted to go before the jury to which appellant excepted. See sec. 857, p. 557, and sec. 1123, p. 732, White's Ann. Code Criminal Procedure for the rules about bills of exception, and some of the cases there collated; Conger v. State, 63 Texas Crim. Rep., 312, 140 S. W. Rep., 1112.

It will be seen by each and both of these bills that there is no such statement made of the case as that this court can tell therefrom whether the question and answers of the witness shown by these bills were admissible or not. It will be further noticed that the second bill shows that it was appellant's objections and not stated as a fact by the court in the bill in approving it or otherwise that J. F. Woods, to whom the license was issued and the application, bond, etc., were made, was not Frank Woods, the defendant in this case. It has too often been decided by this court to need a citation to the cases to show that the uniform holding of this court is that an objection made to evidence asserted as a fact in the objection only, is not a certificate by the judge, in approving the bill, that such was a fact. It is a mere objection. In this case even if we could consider this bill and we could look to the record to ascertain whether or not the evidence showed that J. F. Woods and the defendant, Frank Woods, were other than the same person, we might find ample evidence to show that that was a fact. The first bill does not show that the contents of the license itself was attempted in any way to be proven, simply and solely whether or not the clerk had issued to appellant a license. Whether or not the said clerk had issued a license to appellant was an independent fact which could be proven by him without the introduction of the license or proving its contents. Besides, sec. 14 of said Act of 1909, requires that such license shall be posted in some conspicuous place in the house where the business for which license is necessary is carried on, and, of course, it must be kept posted there. Again, the information in this case itself, charges that the appellant had such license and upon all these grounds said testimony was admissible. So that, even if we could consider appellant's bills on these grounds, no error is presented. If it had been attempted, and these bills had shown that the contents said license was testified to by this witness, then quite a different question might be presented, but this is not the case.

The evidence in this case shows that on June 15, 1910, appellant applied to the Comptroller of this State for a license to engage in the retail liquor business at Clay, in Burleson County, Texas, in a sworn application, complying in every particular with the requisites

of such an application as prescribed by said Act of 1909; that the Comptroller passed upon the same and after stating that his application in every way complied with the law and that he was qualified under the law as shown by his application, to receive such license, permitted him to so apply for such license; that on June 23, 1910, he properly filed his petition before the county judge of Burleson County for such license, his petition therefore containing all the allegations prescribed under the law therefor, and that he desired to engage in the retail liquor business in said town of Clay; that the county judge properly, upon hearing his petition with all the necessary requisites alleged therein, granted the same; that he executed bond with the conditions and in the amount and strictly in accordance with said law; that he paid to the Tax Collector of Burleson County the amount of the tax fixed by law to entitle him to a license and to engage in such business at said place. All these papers are those which are required by law and which are required to be kept by the county clerk and where produced by such clerk and introduced in evidence on the trial of this cause. The testimony further shows that said town of Clay was a very small place and a very few inhabitants therein; that the appellant was engaged in the saloon business in said town at the time it was charged he violated said Sunday law. By the testimony of several witnesses it was shown that on the Sunday charged in the indictment appellant's saloon was open and kept open for some time for the business of selling intoxicating liquor and that many sales were made of such liquor at the time; that a large crowd was in there going back and forth, bringing out bottles of liquor and drinking, carousing around, making considerable noise and disturbance and all drinking and some, more or less, intoxicated; that appellant was in his house and place of business while this was going on on that date. One witness swore that he, himself, bought such liquor from appellant personally on that day and occasion; others show that he was present and saw and could have seen what was then done.

Appellant himself did not testify but his only clerk did, introduced by him. He testified that he was appellant's clerk during said month of April, 1911, and worked in appellant's store and saloon, sold groceries and dry goods, as well as liquors, and shows that he, himself, on that day, as well as other Sundays, had appellant's place of business open and sold liquor repeatedly on Sunday therein while working for appellant; but, he claims, that he did this against appellant's instructions and without his knowledge or consent; that he had the saloon open on Sunday April 23, 1911, some five or six times that day, not longer than thirty minutes at a time and that at these times he sold intoxicating liquor; that he attended to all of the saloon business for appellant but that appellant got the money therefor.

From all of the facts and circumstances in this case the jury were clearly justified in believing and finding that a license to sell intoxicating liquors at retail was issued and delivered to appellant.

Appellant's next bill shows that while this same witness Wondrash was on the stand he produced the original permit to apply for a retail liquor dealer's license, an application therefor, his bond, petition to the county judge, his annual tax receipt therefor, all in accordance with the requirements of said Act of the Legislature which are all copied in full in the bill, and that they were introduced in evidence. That appellant objected to all of them for the reason that J. F. Woods had not been shown to be the same person as Frank Woods, the appellant in this case. What we have said in discussing the other bills applies to this and shows that no error is shown.

Appellant's next bill, No. 4, has the same heading as the above bills, then states: "While the State's witness, Joseph Wondrash, was upon the stand, upon direct examination he produced a stub book kept by him, and started to read therefrom, which said stub book from which the witness read is in words and figures as follows, to wit:

Retail { Liquor, Individual } Dealer's License.

For the sale of spirituous, vinous or malt liquors or medicated bitters. No. 48. Burleson County. Issued to J. F. Woods. For the sale of spirituous, vinous and malt liquors and medicated bitters in quantities of one gallon and less than one gallon, to be drunk on the premises at No. ...... St. Clay. Burleson County, Texas. Date July 12, 1910. State Tax, $375.00. County Tax, $187.50. City Tax $.........

..................................
Note. The clerk will retain this stub.

To which reading the defendant, by counsel, then and there objected on the grounds: Then follows six separate and distinct grounds of objection. Then the bill proceeds, "Which objections were, by the court, overruled, and the defendant then and there excepted to the action of the court, and here now, tenders this bill of exception, and prays that the same may be examined, signed, and by the court approved and ordered filed as a part of the record in this cause. This the 6th day of October, A. D. 1911. This was after the introduction of the different papers by the county clerk showing his authority to issue liquor dealer's license to J. F. Woods. Allowed with the above explanation. R. J. Alexander, county judge, Burleson County."

If we could consider this bill it would show no error whatever, for it states that when said witness started to read from said stub book, the appellant objected to the reading and the bill nowhere shows that the said stub book, or what it is shown above to have contained, was in any way, or anywhere introduced in evidence.

Appellant's next bill shows that when the State introduced its wit-

ness J. W. Woods, it asked him this question: "Mr. Woods, is J. F. Woods and Frank Woods one and the same person?" That the appellant objected to this for the reason that at the commencement of the trial all the witnesses in the case were placed under the rule, but that this witness, although present in the courtroom, was not placed under the rule, but was sitting in the courtroom listening to all the testimony; that the court overruled appellant's objections and the witness answered: "I can not say." To which action appellant excepted. It was within the sound discretion of the court to permit a witness, although he had not been placed under the rule, to testify in the case and this bill does not show any such abuse of this discretion as would authorize this court to hold his action reversible error. Besides, the answer of the witness, as shown, did not and could not have injured the appellant.

Appellant has nine bills of exceptions to this effect: That while the witness for the State, naming him, was upon the stand, upon direct examination, counsel for the State asked him this question: "What business is Mr. Woods engaged in at Clay? A. He is in the saloon business at Clay." To which question and answer appellant objected because said testimony was inadmissible; that ownership of a mercantile business could not be proven by general reputation; that the evidence was secondary and not the best evidence to prove his occupation; that it was a mere opinion of the witness and tended to prove an issuable fact by illegal method. The court overruled the objection and in approving the bill qualified it by stating that it was allowed with the explanation that it was after the introduction of the papers by the county clerk showing the issuance of a liquor dealer's license to J. F. Woods. This is in substance the full of each of said bills. No error is shown thereby. It was not attempted by this to show ownership but simply and solely, as the questions and answers show, that the appellant was running a saloon business at Clay, which was entirely proper. Besides, appellant introduced his clerk and barkeeper and had him testify as shown above that appellant was engaged in the retail liquor business at said place on the date charged in the indictment; that he clerked for him, run the business, etc., and appellant got all the proceeds of his Sunday sales.

Neither does the appellant's bill complaining that the witness John Scott was asked the question: "Did you see the side door of Mr. Woods' saloon open on the Sunday in April you were in Clay?" and his answer that he saw it open on Sunday but did not recollect whether it was church Sunday or not, show any error whatever. Nor does appellant's bill complaining that the State was permitted to ask the witness Jeff Morgan if he remembered when the men were summoned before the grand jury, how long before this it was he saw the saloon open, and his answer that he did not know, show any error whatever. Nor does appellant's last bill, which shows that the State asked the witness McKinney: "Did you get any whisky from Mr.

Woods?" and to which he replied, "I went out to Mr. Woods' house and told him that Mark was sick, and sent me to get him a pint of whisky; Mr. Woods went with me to the saloon and got the whisky for Mark. Mark did not pay anything for the whisky," show any error. The bill does not disclose what the status of the case was, nor what bearing this question and answer had on the case and, therefore, we can not tell from the bill that it was in any way incompetent.

Appellant contends that the State failed to prove that local option was not in force at Clay where this offense is charged to have been committed. It has uniformly been held in this State by this court that we can not presume, and do not judicially know, and can not judicially know, that the prohibition law is in force in any county or subdivision thereof anywhere in this State; that such laws while general so far as being laws of the State, are nowhere in operation or effective, unless and until a proper election is held therefor, carried and the law declared to be in force and all this must be proven as a matter of fact where necessary in order to show that prohibition is effective in any given county or subdivision thereof. It has also been uniformly held by this court that the legal presumption is that prohibition is not in force in any given locality, but that every county and subdivision thereof in the State is presumed to be in what is ordinarily denominated "wet" territory. This being the case, we think it was not incumbent upon the State to prove that prohibition was not in force in the locality in Burleson County where appellant run his retail liquor business. All the evidence and the uncontradicted evidence, in this case, introduced by both the State and the appellant, showed that appellant was in the retail liquor business at the time and place in which this offense was charged and that he applied for license and obtained license to conduct such business as a retail liquor dealer and had a license therefor, which could not have been issued without the location was in "wet" territory and prohibition not in force therein. Besides, the appellant, in his application for license, expressly swore that there was no statute or ordinance in force in said territory prohibiting the retail sale of intoxicating liquor and that he had been engaged in such business for the past two years. So that we hold there is nothing in this contention by appellant, even if it was incumbent upon the State to make such proof.

There is no bill of exceptions to appellant's complaint of the claimed argument of the county attorney. So that we can not consider appellant's assignment on that subject.

The judgment will be affirmed.

*Affirmed.*