# Belk v. The State.

## Assault With Intent to Murder.

(Decided January 22, 1914. 64 South. 515.)

1. *Witnesses; Violating Rule; Exclusion.*—It is within the discretion of the trial court whether or not a witness who has been put under the rule, and who has violated the rule, will be permitted to testify.

2. *Appeal and Error; Review; Objections Below.*—The action of the court in permitting a witness, who had violated the rule, to testify was not reviewable where no objection was made or ruling of the court invoked relative to such testimony.

3. *Same.*—Where a question was asked on the cross-examination, and objected to, but was not answered, the Solicitor changing the form of the question, no error appears where no objection was interposed to the question in its changed form.

4. *Same; Argument of Counsel; Waiver.*—Where defendant objected to a part of the argument of the solicitor because not based on the evidence and the stenographic report of the testimony was read, whereupon defendant's counsel said go ahead, the original objection was waived.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Robert Belk was convicted of assault with intent to murder and he appeals.    Affirmed.

CHARLES S. LEYDEN, for appellant.    No brief reached the Reporter.

R. C. BRICKELL, Attorney General, for the State.

PELHAM, J.—The proceedings set out in the transcript show that the defendant was convicted of an aggravated and apparently unjustified assault with the intent to murder, and was sentenced to ten years' imprisonment in the penitentiary.. Counsel for the de-. fendant has called the attention of this court to the matters relied upon as constituting the errors committed by the trial court, authorizing a reversal, by making four assignments of error on the transcript.

First it is contended that the court erred in permitting the state to examine as a witness in its behalf one Jos. Eros, who had been put under the rule and excluded from the courtroom out of the hearing of the witnesses when delivering their testimony, because of some violation of the rule by the witness.   Besides this being a matter in the discretion of the court in which no abuse of discretion is shown, no objection was made by the defendant to the witness' testifying, and no ruling of the court shown to have been invoked with respect thereto, and there is therefore no action of the court presented for review.

The second matter insisted upon is that the court was in error in overruling the defendant's objection to the question asked the defendant on cross-examination by the solicitor:   "They caught you?"   This question is not shown to have been answered, and when the solicitor changed the form of the question and added to

it,. "That evening away up six or seven miles above Jacksonville?" No objection was made to the question in the changed form, and the witness answered it only in that form, to which no objection was interposed.

The argument of the solicitor, made the basis of the third proposition insisted upon, was clearly based on the evidence and entirely proper and legitimate. The recitals in the bill of exceptions show that, upon the defendant's making objection to this part of the solicitor's argument because not based on the evidence, the court had the stenographic report of the testimony of one of the witnesses read, and that defendant's counsel thereupon said, "Go ahead;" and, if there had been anything in the objection, this would be a waiver.

The only other matter insisted upon. is the court's refusal to give the general charge in favor of the defendant. If a written request for the general charge was. made, it is not shown by anything set out in any part of the transcript, and, even if so, its refusal would clearly not have been error.

We find no error in the record, and the judgment of the trial court will be affirmed.

Affirmed.