### W. P. HAWKINS *et al.* v. STATE.

No. A-2825—Opinion Filed Aug. 11, 1919.

Rehearing Denied Sept. 13, 1919.

(186 Pac. 490.)

1. **INDICTMENT AND INFORMATION—Joinder of Parties.** Members of a lodge, which maintains a clubroom in which intoxicating liquors are sold to its members, and the barkeeper who makes such sales, though not a member of such lodge, may be legally jointly charged in one count for a violation of section 3610, Rev. Laws 1910.

2. **APPEAL AND ERROR—Instructions—Reversible Error.** The instructions given by the court to the jury and complained of by the defendant duly considered and found free from reversible error.

3. **INTOXICATING LIQUORS—Sales in Clubroom—Evidence.** The record of this case carefully read, and found that the verdict of the jury is sufficiently supported by legal evidence, and the trial of the case free from fundamental error.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

W. P. Hawkins, C. S. Steele, D. N. Millhauser, R. W. Billingsley, Jess Campbell, A. S. Jones, and Charles Goucher were convicted of violating section 3610, Rev. Laws 1910, and appeal. Affirmed.

*George H. Giddings,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiffs in error, W. P. Hawkins, C. S. Steele, D. N. Millhauser, R. W. Billingsley, Jess Campbell, A. S. Jones, and Charles Goucher, hereinafter called defendants, were jointly informed against for unlawfully, willfully, and knowingly keeping and maintaining a "clubroom" and place where whisky and beer were kept for sale to members of the Moose lodge, convicted, and Charles Goucher, Jess Campbell, D. N. Millhauser, and A. S. Jones each sentenced to imprisonment in the county jail of Oklahoma county for 30 days and each fined in the sum of $50, and W. P. Hawkins, C. S. Steele, and R. W. Billingsley each sentenced to imprisonment in said jail for 60 days and each fined in the sum of $100. To reverse the judgments rendered, they jointly prosecute this appeal.

It is assigned as error, but not argued, or authorities cited in brief in support thereof, that the court committed reversible error in overruling demurrer to the information; therefore it must be regarded that said assignment of error is abandoned, and hence will not be considered.

The defendants have not in their brief abstracted the evidence as required by the rules of this court, and we do not feel it necessary to do so, especially in view of the candid admission on the part of the defendants in their brief that the law has been violated as charged in the information in this case, but averring that the guilt of all of the defendants has not been legally proved, because there is a want of corroboration of the evidence of accomplices by which the guilt of some of the defendants is shown. It is

admitted in defendants' brief that this does not apply to Hawkins, Steele, Millhauser, and Campbell by saying:

"With reference to Hawkins, Steele, Millhauser, and Campbell there is some corroborating testimony, because there are exhibits in the record, whereby they O. K.'d certain bills for whisky, and there are certain declarations made by them with reference to the matter which probably were sufficient to carry the case to the jury on the question of corroboration. It is shown by the evidence and admitted by the defendants, that Billingsley was employed by the Moose lodge as its barkeeper, at a salary of $100 a month, and sold intoxicating liquors in the buffet, which was an adjunct of said lodge and was maintained and run by it, and that said A. S. Jones was an officer of said lodge and a constant attendant thereof, and that Goucher was a member of said lodge and a member of its auditing committee, and at times was seen behind the bar of said buffet."

It is most earnestly insisted by the defendants that, by reason of a want of corroboration of the evidence of accomplices by which the guilt of the defendants is shown, the evidence is insufficient to support the verdict of the jury, at least as to a part of the defendants, if not as to all. The defendants did not offer any evidence in their defense. In short, they contended that they are entitled to a Scotch verdict "of guilty, but not legally proven."

If the statements made by Hawkins and Millhauser were illegally admitted, as to which it is unnecessary to express an opinion, under the admissions in defendants' brief that there is some corroborating testimony of their statements sufficient to take the case to the jury, because there are exhibits in the record whereby Hawkins, Millhauser, Steele, and Campbell O. K.'d certain bills for whisky, and there are certain declarations made by them

with reference to the matter, the admissions of said statements were not prejudicial error as to them.

That there was corroboration, other than by accomplices, as to the guilt of Jones, is shown by evidence that he was a member and officer of said lodge, and a regular attendant thereof, and that he was given a check by said lodge for beer that had been shipped in his name, and hence there was sufficient evidence to sustain his conviction, if the statements of Hawkins and Millhauser be eliminated. Goucher is shown by the evidence, other than the statements of Hawkins and Millhauser, to be a member of the lodge and a member of its auditing committee, and must thereby have had knowledge of the illicit sales of intoxicating liquors by said lodge, and also aided in the actual sale of the same.

It being admitted by the defendants in their brief, and shown by evidence, other than by accomplices, that Billingsley was the barkeeper, hired by the lodge, and, dressed as such, actively engaged in selling intoxicating liquors in the buffet of the lodge at the time the club was raided by the officers, this evidence was sufficient to show his guilt without corroborating testimony.

Section 3610, Rev. Laws 1910, the law upon which this prosecution is founded, is as follows:

"Every person who shall within this state, directly or indirectly, keep or maintain by himself, or by associating or combining with others, any clubroom or other place in which any liquor, the sale of which is prohibited by this chapter, is received or kept for the purpose of selling, bartering, giving away, or otherwise furnishing, or for distribution or division among members of any club or association by any means whatsoever, and every person who shall sell, barter, give away or otherwise furnish, dis-

tribute or divide any such liquors so received or kept shall be guilty of a misdemeanor."

It necessarily follows that not only those directly engaged in maintaining a place in which intoxicating liquors are kept for sale, though the place be the buffet of a duly incorporated lodge, as in the instant case, but those who indirectly aid in doing so, are guilty of a violation of said section 3610; the directors and managers for authorizing, permitting, and directing such sales to be made, and the barkeeper for actually making such sale.

The contention that under the facts of this case the barkeeper must be separately prosecuted is without merit. Section 2104, Rev. Laws 1910, is as follows:

"All persons concerned in the commission of crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

We are of the opinion that by sufficient legal evidence, especially in view of the admissions of defendants, speaking through their brief, in regard to the corroborating evidence as to a part of said defendants, all of the defendants are shown to be guilty of the offense with which they are charged, and that the verdict of the jury is sufficiently supported by legal evidence.

The court, among other instructions, gave the jury the following, viz.:

"You are further instructed that a conviction cannot be had upon the testimony of an accomplice or accomplices, unless corroborated by other evidence tending to connect the defendant, or one or more of said defendants, with the commission of the offense as alleged in the information; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

An accomplice, as the word is here used, means any one connected with the crime committed, either as a principal offender or as one who aids and abets in the commission of the offense, though not present; it includes all persons who are connected with the crime by unlawful acts on their part committed either before or at the time of the commission of the offense, and if you find that the crime, as alleged in the information, was committed by the said defendants, or by one or more of said named defendants; and if you find that any witness or witnesses who have testified herein against said defendants, or any one or more of said named defendants, was an accomplice in the commission of said offense, then under the law it will be your duty to disregard the testimony of such witness or witnesses in so far as the same is against the said defendants, or either one or more of said named defendants, unless you further find that the testimony of such witness or witnesses is corroborated as herein stated."

To the giving of said instruction the defendants duly objected, because the instruction "was utterly misleading and confusing," and excepted to the giving thereof.

While said instruction might have been more clearly stated, we think, when the instructions as a whole are considered, as they must be, that it was not such as to confuse or mislead the jury, and that the court did not commit reversible error in giving said instruction. The court did not err in overruling the motion for a new trial.

Finding no reversible error in the record, the judgment of the trial court is affirmed.