## J. J. McCARTY v. STATE.

No. A-3773.    Opinion Filed July 3, 1922.
(207 Pac. 1069.)

(Syllabus.)

1. **Trial—Discretion of Court—Permitting Witness Violating Rule of Sequestration to Testify.** Whether a witness who has violated the rule of sequestration should be permitted to testify is in the discretion of the trial court.

2. **Same—Burden on Defendant to Show Abuse of Discretion in Excluding Testimony.** The burden rests upon the defendant to show a manifest abuse of discretion by the trial court in excluding the testimony of a witness who has violated such rule.

3. **Trial—Instructions—Principle of "Reasonable Doubt"—Repetitions Unnecessary.** The principle of "reasonable doubt" is so firmly intrenched in the criminal jurisprudence of this country, and so well known by jurors generally, as not to require constant repetition of the rule in every paragraph of the instructions, especially where the issues are not involved, and no affirmative defense is interposed.

4. **Trial—Instructions—Sufficiency as a Whole.** Where the instructions as a whole fairly cover the law of the case, and are not misleading, although some instructions may be inartificially drawn, the general charge will be held sufficiently comprehensive.

5. **Gaming—Evidence Sustaining Conviction.** Evidence examined, and held sufficient to sustain the conviction.

Appeal from County Court, Grady County; Thos. J. O'Neill, Judge.

J. J. McCarty was convicted of gambling, and appeals. Affirmed.

Holding & Herr, for plaintiff in error.

Geo. F. Short, Atty Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. By judgment rendered on the 12th day of April, 1921, defendant J. J. McCarty was, in the county court of Grady county, convicted of the offense of playing at

a game of cards for money, and sentenced to pay a fine of $50 and the costs of the action. From such judgment he has appealed to this court.

Counsel contend that the trial court erred in refusing to permit one Ellis to testify as a witness in the behalf of the defendant.

Concerning this assignment of error, the record discloses that Ellis had been subpoenaed as a witness for the state, had been sworn as such witness, and, at the request of counsel for the defendant, all the witnesses were excluded from the court-room during the progress of the trial. In violation of this rule the witness Ellis remained in the courtroom during the time the state's witnesses were testifying. At the conclusion of the state's evidence, the county attorney having failed to call the said Ellis as a witness, the defendant then offered to introduce Ellis in his behalf, and the county attorney then interposed an objection to Ellis' testifying on the ground that he had violated the rule by remaining in court during the time the state was introducing evidence. The court sustained the objection of the county attorney, to which action the defendant excepted. Whether a witness who has violated the rule of sequestration should be permitted to testify is within the discretion of the trial court. Boyd v. State, 153 Ala. 41, 45 South. 591; Belk v. State, 10 Ala. App. 70, 64 South. 515; Fouse v. State, 83 Neb. 258, 119 N. W. 478; Woods v. State, 68 Tex. Cr. R. 105, 151 S. W. 296.

In the case of Kilgore v. State, 10 Okla. Cr. 446, 137 Pac. 364, this court held:

"Where the court orders witnesses to be sworn and excluded from the courtroom during the taking of testimony, and where the order of the court is willfully violated, it is a matter within the discretion of the court to allow or exclude the testimony of such witness."

In this case the record is silent as to whether the violation of the rule of the court by the witness Ellis was intentional or not. The burden rests upon the defendant to show a manifest abuse of discretion by the trial court in excluding the testimony of this witness. No such showing is evident from this record.

Further, it is contended that the trial court erred in giving the following instruction:

"To this charge the defendant pleads not guilty; the burden of proof is upon the state to show to your satisfaction, and beyond a reasonable doubt by the proof in the case, the truth of the charge as made in the information. If the state has proven to your satisfaction that this defendant was engaged in playing a game of cards for money, as charged in the information. your verdict should be guilty. If, however, from all the evidence, and the circumstances, as shown by the proof, you believe the defendant not guilty of the crime, or have a reasonable doubt as to whether he is guilty or not, your verdict should be 'not guilty.' "

It is urged that the instruction is erroneous in not requiring the state to prove the guilt of the defendant of the offense charged beyond a reasonable doubt. True, there is one sentence in the instruction which, if it stood alone, might be susceptible of such construction; but the instruction, considered in its entirety, is not misleading and, we believe, clearly states the law to be that the state must prove the defendant's guilt of the crime charged beyond a reasonable doubt. In a subsequent paragraph of the instructions the court clearly stated the law to be that the defendant must be proven guilty beyond a reasonable doubt. And the instructions, considered as a whole, are not misleading or confusing on this question.

In Hawkins v. State, 16 Okla. Cr. 382, 186 Pac. 490, this court held:

"Though one instruction was somewhat confusing, when the instructions as a whole remedy such confusion it does not constitute reversible error."

In the case of Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901, it is held:

"The principle of 'reasonable doubt' is so firmly intrenched in the criminal jurisprudence of this country, and so well known by jurors generally, as not to require constant repetition of the rule in every paragraph of the instructions, especially where the issues are not involved, and no affirmative defense is interposed."

Cases from other states to the same effect are as follows: Bowen v. State, 16 Ga. App. 179, 84 S. E. 793; Territory v. Price, 14 N. M. 262, 91 Pac. 733; State v. Ferrell, 246 Mo. 322, 152 S. W. 33; Lake v. Commonwealth, 31 Ky. Law Rep. 1232, 104 S. W. 1003. Raper v. State, 16 Ga. App. 121, 84 S. E. 560.

Furthermore, it has been repeatedly held by this court that, where the instructions as a whole fairly cover the law of the case, and are not misleading, although some instructions may be inartificially drawn, the general charge will be held sufficiently comprehensive. We find in this charge no error sufficiently prejudicial to authorize a reversal of this conviction.

It is also contended that the evidence is insufficient to support the conviction. The undisputed evidence in the case is that a game of stud poker was being played for money on the night of the 23d of December, 1920, in a building in the city of Chickasha; that some of the police officers of the city and county, at about the hour of 11 o'clock, made a raid on said place; that defendant was present at that time and place. The only dispute is as to whether he was engaged at playing at the game. The testimony of the officers is to the effect

that he was sitting at the table with a lay-out of cards in front of him and 50 cents in money on top of the ace of spades directly in front of the defendant; that just before breaking into the building the officers stood on the outside for several minutes within just a few feet of where the defendant was sitting; that just before entering they heard some one say, "By God I bet a half a dollar." The defendant denied playing at the game, and one witness in his behalf testified that defendant had just arrived, and did not have time to get into the game. But the officers testified that they had been standing on the outside of the building for five or six minutes before they broke into it, and that during that time nobody entered the building. Evidently the jury was not willing to believe that the defendant would go to such a place at that hour of the night for the purpose of gambling and waive the privilege of engaging in this fascinating American pastime for the length of time that the officers testified they stood on the outside of the building. And, furthermore, the testimony of the state's witnesses is amply sufficient to sustain the verdict and judgment.

For reasons stated, the judgment is affirmed.