KENNON, respondent, *v.* KING, appellant.

POKER — *a game of chance — within the statute — for the court and not for the jury to decide.* It is a question for the court and not for the jury to decide whether the game of cards, usually denominated "poker," is a game of chance and within the statute, requiring the keepers of houses, where games of chance are played for money, to pay license therefor. The meaning of words and the grammatical construction of the English language, so far as established by rules and usages of language, are matters of law to be construed by the court. Only when words are used in a peculiar and unusual signification is testimony admissible for explanation.

*Appeal from Second District, Deer Lodge County.*

J. C. ROBINSON, for appellant.

The only question in this case is whether it is the province of the court or the jury to decide whether the game called "poker" is a game of chance. The court erred in deciding that it was the duty of the court to construe the meaning of the word.

A. E. MAYHEW, District Attorney, Second District, for respondent.

It is a question for the court and not for the jury to construe language and declare the legal and proper meaning of words used in their ordinary acceptation. Bishop on Statutory Crimes, §§ 862–871 inclusive.

WADE, C. J. There is but one assignment of error in this case, and it arises upon the following instruction given by the court to the jury:

"The jury are instructed that the game usually denominated 'poker,' as played with cards, is a game of chance. And if the jury find, from the evidence, that the defendant kept a room in which, with his knowledge and consent, this game was played during the months of January, February and March, 1875, you must find for the plaintiff."

The defendant insists that the question, whether the game of cards, usually denominated "poker," is a game of chance, is a question of fact for the jury, and not of law for the court, and, therefore, that the instructions were erroneous.

The action was brought by virtue of the provisions of a statute of the Territory that provides as follows: "Any person * * * who shall keep any house, or saloon, or room, where any banking game, or other game of chance, is dealt or played for money, or any thing representing money is used, * * * shall pay a license," etc.

As a general proposition, we should say that the construction to be put upon a particular statute, and the words therein used, and its force and effect, and to what it applies, is a question of law for the court, and not of fact for the jury. Certainly, unless technical or ambiguous words, or words of a local or provincial meaning are used, no testimony would be admissible as to what was intended, or to apply the statute to its proper subject-matter.

The same rule would apply as to words in common use in a pleading. The definition of words in general use and of a fixed and universal meaning, their interpretation, or whether they come within the scope, or object and purpose of a statute, are matters of law for the court, and such meaning cannot be varied or explained by testimony. It is not the province of juries to supplant the use of dictionaries, and to declare what is meant and intended by the use of ordinary words of a general nature and unambiguous in their character. Otherwise, a common word in general use might mean one thing in one locality and exactly the reverse in another, depending upon the peculiar notions of the jury to whom the question was submitted. Juries cannot be permitted to pervert, vary or change the established meaning or use of the English language. And it is improper to submit to a jury, upon the testimony of witnesses, the meaning of an unambiguous word in common use.

Experts may explain the meaning of "technical, or ambiguous words," but the word "poker," as applied to a game of cards, has, so far as we know, but one meaning, and its definition was correctly given in the instructions of the court. We see no reason for calling proof as to the meaning of this word that would not apply, with equal propriety, to the words deed, lease, contract, river, city, church, or any other word in general use, and whose meaning is universally understood.

In *Brown* v. *Brown*, 8 Metc. 546–7, Shaw, Ch. J., said: "The meaning of words, and the grammatical construction of the English language, so far as they are established by the rules and usages of the language, are *prima facie* matters of law, to be construed and passed upon by the court. But language may be ambiguous and used in different senses, or general words in particular trades and branches of business, as among merchants for instance, may be used in a new, peculiar or technical sense. And, therefore, in a few instances, evidence may be received from those who are conversant with such branches of business, or such technical or peculiar use of language, to explain or illustrate it."

But in the case at bar there is nothing to indicate that the game of cards, commonly called "poker," as used in the pleadings and as explained in the instructions, had any new, peculiar or techni-

cal meaning. On the contrary, the reverse does appear, for the complaint declares that the game played was the game at cards known as the game of "poker." And for a word thus known and denominated, and taking it to be used in its popular and general sense, as we must, the court ruled correctly in declaring its meaning as a matter of law, and in refusing to submit the question on proof to the jury.

The pleadings admit that a game of cards, known as "poker," was played, the answer only denying that such game is a game of chance. The court properly instructed the jury, as a matter of law upon the subject, and the judgment is affirmed, with costs.

*Judgment affirmed*