[No. 10,378.]

# Ex Parte AH YEM.

Betting at Faro.— Sec. 330 of the Penal Code, which provides a punishment for conducting the game of faro, does not apply to those who merely bet at the game.   One who bets at the game is not accessory to the crime of gaming.

Application for a writ of *habeas corpus* to discharge the defendant, who had been convicted of the crime of gaming—betting at faro.

*F. E. Baker*, for the Prisoner.

*Attorney-General Hamilton,* for the People.

By the Court:

It is alleged in the indictment that Ah Moon and Ah Tong, and other persons whose names were to the grand jurors unknown, were " dealing, playing, and carrying on a certain game " for money, which game was a banking game ; and that the defendant " did then and there play at said game, by wagering against the bank kept at said game a sum of money, * * * subject to the chances of said game." The words of sec. 330 of the Penal Code—" Every person who deals, plays, or carries on, opens or causes to be opened, or who conducts, either as owner or employee, whether for hire or not, any game of faro," etc. —are applicable only to the persons who own, conduct, or carry on the game, or their employees, and not to those who merely bet at the game. The person who *bets at* a banking game cannot be said to *play* the game, within the meaning of that section of the Code. There is no other section of the Code applicable to the alleged offense.

Nor, in our opinion, can the person who bets at the game— who wagers a sum of money " against the bank kept at the game "—be held to be an accessory to the crime of gaming, as defined in that section. The intent in the case of betting at the game is quite different from that in the case of gaming.

Ordered that the defendant be discharged.