[No. 20197.   In Bank. — August 28, 1886.]

THE PEOPLE, RESPONDENT, v. SAM LUNG, AP-
PELLANT.

GAMING AT TAN — CARRYING ON GAME — INFORMATION. — Under section 330 of the Penal Code, an information for carrying on and conducting a game of tan need not allege that the defendant did so as an owner or employee, nor is evidence to that effect necessary to sustain a conviction of the offense.

ID. — ARTICLES USED AT GAME — EVIDENCE — RES GESTÆ. — The articles used in carrying on and conducting the game are part of the *res gestæ*, and admissible in evidence in illustration of the nature of the game.

ID. — IDENTIFICATION OF GAME. — On the trial, a witness described the game which he saw the defendant conducting. Another witness thereupon testified that the game described was tan. *Held*, that the evidence was admissible.

ID. — JUDGMENT — RECITAL OF OFFENSE. — A recital in the judgment that the defendant was found guilty of the offense of gaming at tan as charged in the information is equivalent to a recital that the defendant was found guilty of gaming at tan by carrying on and conducting the same for money or its equivalent.

CRIMINAL LAW — EXCLUSION OF WITNESSES FROM COURT-ROOM. — The exclusion of witnesses from the court-room is within the discretion of the court.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Geil & Morehouse*, for Appellant.

*Attorney-General Marshall*, and *R. M. F. Soto*, for Respondent.

Foote, C.—The defendant, Sam Lung, was accused by information of having carried on and conducted the game of tan for money, etc.; he was convicted as charged by a jury, and from the judgment against him, and an order refusing a new trial, he appealed.

As we understand section 330 of the Penal Code, it means that every person whatsoever who deals, plays, or carries on, or opens or causes to be opened, or who conducts, certain games therein mentioned, "for money, checks, credit, or any other representative of value, is punishable by fine of not less than two hundred nor more than one thousand dollars, and shall be imprisoned in the county jail until such fine and costs of prosecution are paid, such imprisonment not to exceed one year"; and that "every person who plays or bets at or against any of said prohibited game or games is guilty of a misdemeanor."

That being so, it was not material that the information (which charged that the defendant "did willfully and unlawfully carry on and conduct a certain game of *tan*, then and there played for money," etc.) should have stated that he did so as *employee* or *owner* of such game.

The offense defined in the first clause of the section *supra* is not limited to those who, as *owners* or *employees*, *conduct* or *carry on* any of the prohibited games for money; it embraces all persons who carry on or conduct such games, whether as owners, employees, or in any other capacity, but it does not include any one who plays or bets at or against such games, they being included in the second clause of the said section.

The legislature did not intend to declare by the first clause that no one except *owners* or *employees* connected with such games should be punishable thereunder; it meant to include all persons who might thereafter commit the acts there prohibited. And the demurrer to the information was properly overruled.

It was unnecessary, in order to convict the defendant of

the offense charged, that it should have appeared in evidence that he was either an *owner* or *employee* of a *tan* game, conducting or carrying on the same for money or its equivalent; nor was it necessary that the depositions taken on the preliminary examination should have evidenced the character which the defendant then and there assumed.

If it was proved before the committing magistrate, and afterward before the trial court, that he was a person carrying on or conducting such a game for money or its equivalent, it was sufficient to warrant his being tried by the Superior Court, and convicted by the jury. And therefore the court did not err in refusing to set aside the information on any ground covered by the motion therefor.

It was within the discretion of the court to exclude or not witnesses from the court-room. (*People* v. *Garnett,* 29 Cal. 625; Greenl. Ev., sec. 462.)

The introduction in evidence of the articles used in carrying on and conducting the game of tan, called the *lay-out,* was admissible to aid in illustrating the kind of game alleged to have been carried on, etc., and was a part of the *res gestæ.*

The testimony of the witnesses Carrow and Nesbitt was not expert testimony in the proper sense of such term. One of them was called, who testified in effect that he saw the defendant conducting a certain game for money or its equivalent, and described it before the jury; the other witness was called, who had illustrated to him the game which was shown before the jury. He said, " That is the game of tan."

This did not take away from the jury the determination of the material thing at issue, that is, whether or not the defendant had carried on or conducted such a game for money as that illustrated by one witness, and identified as being a certain kind of a game by another witness.

A given individual may have witnessed the playing of some ordinary game of cards for money but twice or thrice in his life, and heard the players denominate it by its proper name, and yet he may be able readily (when he has such a game as he formerly observed illustrated before him) to declare that such game is the game he formerly saw played; and in such recollection or identification no special skill or science is a necessary ingredient. And such evidence is entirely proper, and may sometimes be all that can be had in a given case upon a special point. The evidence given was competent and pertinent to the issue; of its force the jury alone were the judges.

We do not think that the court in its charge assumed and declared to the jury that the game conducted or carried on by the defendant *was* the *game* of *tan*, or took away from the jury the determination of the question as to whether or not it was the said game; and in all other respects, we are of opinion that such charge was correct, fair, and easily comprehended by those to whom it was addressed. And the instructions asked for by the defendant were properly refused.

The recital in the entry of the judgment was, that "the defendant, by the verdict of a jury, was on January 21, 1886, found guilty of the offense of gaming at tan, as charged in the information." This meant that the defendant was by the verdict of that jury found guilty of gaming at tan, by carrying on and conducting the same for money or its equivalent, and therefore the judgment sentenced the defendant for the offense of which he was tried and convicted, and was in no way erroneous or prejudicial to his rights.

From a careful examination of the record, we are of opinion that the judgment and order should be affirmed.

Searls, C., and Belcher, C. C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.