STATE OF MONTANA, APPELLANT, *v.* GRAY ET AL., RESPONDENTS.

[Submitted February 8, 1897. Decided February 15, 1897.]

*Criminal   Law—Information—Gaming—Question   of   Fact.*

INFORMATION FOR CRIME OF CARRYING ON GAMBLING WITHOUT A LICENSE.—Under laws 15th Session, page 75, the essence of the crime is the keeping of a place where a game (mentioned in the statute) is dealt or played for money without a license; and where the keeping of such a place for such purpose without a license is sufficiently charged, the information is not demurrable because it also alleges that defendants kept the place as employes of some one else.

SAME—Whether or not the game charged in the indictment is one for which no license can be issued under the Hunt.law.(above cited) is a question of fact for the jury.

*Appeal from District Court, Silver Bow County.    William O. Speer, Judge.*

INFORMATION against the defendants, W. Gray and others, for keeping and maintaining a gambling house, or place where gambling is carried on for money, without a license. The defendants filed a general demurrer, which was sustained by the court, and the defendants were discharged. The state appeals. Reversed.

Statement of the case by the justice delivering the opinion.

The material part of the information charged defendants with "Intentionally and knowingly conducting, keeping, and maintaining a certain room and house in which the defendants did keep and carry on and maintain, a certain game of chance and gambling game, called 'fan tan,' or 'tan,' or 'tan tan,' the said game being a game of chance and gambling game, a more particular description of which was to the county attorney unknown, etc., which said game was dealt and played for money, and checks and representatives of money, * * * and that they, said defendants, then and there being the employes and servants of one John Doe Williams in the keeping, maintaining, and conducting and carrying on of said game in said room or place, as aforesaid, and they, the said defendants, then and there well knew that the said John Doe Williams had not secured a license," etc.

*C. B. Nolan*, Attorney General, for the State.

HUNT, J.—The record does not show why the district court sustained the general demurrer.   Possibly it was because the information first charges the defendants with keeping the room, and in the latter part thereof sets forth that they kept, maintained, and carried on the game referred to in the room, knowing that their employer had not secured a license for keeping and maintaining the house or room where the game was dealt or played for money.   There may be some ambiguity of expression in the information, but the facts pleaded are that the defendants kept and maintained the house where "fan tan" was played, and kept and maintained and carried on the game in the house, doing all such acts as the employes of John Doe Williams, whom they well knew had not secured a license for keeping and maintaining a gambling house, as required by law.   But mere uncertainty or ambiguity of expression, where the charge is as plainly averred as in this case, will not warrant a court holding that the facts stated do not constitute a public offense.   The essence of the offense charged under section 10 of an act concerning licenses (page 75, Laws 1887, 15th Ex. Sess.), is the keeping of the place where the

game is dealt or played for money without first paying a license; and, where the offense of keeping such a place for such a purpose is sufficiently charged, it does not vitiate the information to allege that the keepers maintained and carried on the place as the employes of another. ( *Chase* v. *People*, 2 Colo. 509; *Wren* v. *State*, 70 Ala. 1; *People* v. *Sam Lung*, 70 Cal. 515, 11 Pac. 673.)

It is admitted by the learned attorney general that if the ruling of the district court was made because the game of "fan tan" is prohibited by the provisions of the " Hunt Gambling Law of 1889," the demurrer to the information was well taken, inasmuch as no license could be obtained for carrying on a game prohibited by that law. We find, however, that in the list of games particularly prohibited by the provisions of section 1 of the law of 1889 called the " Hunt Law," there is no specific mention of " fan tan;" nor is it charged in the information herein that the game of "fan tan " is really one of the games prohibited by that law, but called by the different name of " fan tan," or that it is even similar to one of such prohibited games, or that it is a fraudulent game, or that it in any way violates the provisions of the law in force. On the contrary, the information is drawn upon the assumption that "fan tan " is a game which may be played after procuring a license. It may be that the game of "fan tan " is known by persons familiar with gambling games, and it may be that it is one of the games fairly within the prohibited games enumerated in the Hunt law; but, if all this is true, we certainly do not know it, and, without evidence of what it really is, we cannot be expected to judicially know that it is a prohibited game. True, there is a lucid explanation of the game of "fan tan " by Judge Deady in the case of *In re Lee Tong*, 9 Sawy. 333, 18 Fed. 253; but, in our opinion, the proper way to ascertain the facts concerning the methods of playing the game, and the object thereof, is on the trial, where witnesses may testify to such facts. Thus alone can it be shown whether it is a lawful gambling game or a prohibited one. Whether or not the game conducted or carried on was the

game of " fan tan " is to be determined by the jury upon the evidence before them. (*People* v. *Sam Lung, supra.*) The province of the court in such a case seems to be to instruct the jury what constitutes the game charged to have been played or conducted. This the court should do after it has heard evidence. But, as said, whether the game played was the one charged or not, the jury are to say. (*People* v. *Carroll*, 80 Cal. 153, 22 Pac. 129.) These views do not conflict with the case of *Kennon* v. *King*, 2 Mont. 437.

The demurrer should have been overruled. The case is therefore remanded, with directions to the lower court to set aside the order and judgment sustaining the demurrer.

*Reversed.*

PEMBERTON, C. J., and BUCK, J., concur.