CECIL PROCTOR v. THE TERRITORY OF OKLAHOMA.

(Filed February 15, 1907.)

1. **INFORMATION—Insufficient, When.** An information charging that the defendant "Did then and there unlawfully conduct as owner certain games of faro, monte, poker, roulette and craps, the same being banking and percentage games played with dice, cards and other devices, for money, checks or other representatives of value," is insufficient for failing to allege that said games were then and there conducted for money, credit, or some other representative of value.

2. **GAMBLING GAMES—Unlawful, When.** It is not criminal by the laws of this territory to play at or conduct any of the prohibited gambling games, unless the same are dealt, played, carried on, opened, caused to be opened, or conducted for money, checks, credit, or some thing representing value.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Ledru Guthrie* and *Bealy & Reamer,* for plaintiff in error.

*P. C. Simons, Att'y General,* and *R. G. Hays, County Att'y,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error was prosecuted and convicted in the district court of Oklahoma county for the crime of conducting certain games denounced under the

statute prohibiting gambling. The information charged
that the defendant did "Commit the crime of running a
gambling house in manner and form as follows, for that the
said defendants, Wm. Bolwine and Cecil Proctor, did, then
and there unlawfully conduct as owners certain games of faro,
monte, poker, roulette and craps, the same being banking
and percentage games played with dice, cards and other de-
vices, for money, checks and other representatives of value."
The case was tried to a jury, and upon the offer of the ter-
ritory to introduce proof the defendant objected to the intro-
duction of any evidence to support the charge embraced in the
information for the reason that the facts stated in the in-
formation do not constitute a public offense. The court over-
ruled this objection and the defendants excepted. After con-
viction the defendant moved in arrest of judgment upon the
same grounds set up in his objection to the introduction of
evidence. The motion in arrest was overruled and exception
saved. These ruling are here assigned as error.

The only question argued is that in order to charge an
offense under section one of the act denouncing gaming. there
must be an allegation that the games were played or con-
ducted for some thing of value, or its representative. It does
not seem that this question has ever been directly passed
upon by this court. In *Sweitzer v. Territory,* 5 Okla. 297,
it was charged that the defendant played at a game of poker
for money, and the charge was objected to upon the grounds
that the manner of playing the game and persons with
whom played were not averred. The court held the indict-
ment sufficient. And in *Jones v. Territory,* 5 Okla. 536, the
defendant was convicted for permitting gambling tables to

be set up and used in a house occupied by him. The information charged that the defendant did permit craps, faro, and poker tables to be set up and used for gambling, and this charge was held sufficient. The section of the statute controlling the charge in this case is as follows: Sec. 698, Wilson's Stat. 1903:

"That every person who deals, plays or carries on, or opens or causes to be opened, or who conducts, either as owner or employe, whether for hire or not, any game of faro, monte, poker, roulette, craps or any banking or percentage game played with dice, cards or any device, for money, checks, credit or any representative of values, is guilty of a misdemeanor, and is punishable by a fine of not less than one hundred dollars nor more than one thousand dollars, and by imprisonment in the county jail for a term not less than thirty days nor more than six months."

The question is, do the words *"For money, checks, credit or any representative of value"* qualify all the games and devices previously mentioned, or only the phrases "Or any banking or percentage game played with dice, cards, or any device." Or, in other words, is it a crime to play at a game of faro, monte, poker, roulette or craps for amusement only and when played for money, checks, credits or something of value? If, in order to be criminal, one of the prohibited games must be played for something of value or some representative of value, then the information in this case does not charge a public offense. While the title of an act is in this territory no part of the law, it may be looked to for the purpose of aiding in determining the intent of the law makers. The act is designated as one declaring gaming illegal and providing penalties, hence, it would appear that

the legislature had in mind prohibiting those things which are known or designated as gaming. It is not gaming or gambling to play monte, poker, or craps unless the same are played for money, checks, credit, or some representative of value. The law particularly designates those games which are generally usually connected with gambling, viz: faro, monte, poker, roulette, and craps, and makes it criminal to deal, play, carry on, open, cause to be opened, or to conduct any of said games for money, checks, credit, or any representative of value. The particular game named is denounced when played for any purpose of gain, and in charging the offense of playing one of these especially designated games it is not necessary to describe the manner of playing it or who the person charged played with at the game. Then there follows the denunciation of any banking or percentage game played with dice, cards, or any device; which may include any games of the class designated as banking or percentage games, and when the charge is for playing at some one of these unnamed games it will be necessary to set out the description of the game or device sufficiently to show that it was played with dice or cards or some other device upon which something was hazarded, for money or something of value. We think the statutes should be interpreted so as to make criminal the acts mentioned when operated or carried on for something of value, as mentioned in the qualifying clause. The qualifying clause "for money, checks, credit or any representative of value" applies to every game that is denounced by the statute. We think this interpretation carries out the intent and purpose of the lawmakers; that it is the reason-

able and logical meaning of the language used, and subserves every purpose for which the law was enacted.

We find from the record in the case under consideration that the defendant was operating an open gambling room and had divers and numerous games in operation; there is a reasonable probability that each and every one of them was being conducted for something of value; that those who played at these games risked something of value; and that the probable chances of gain were what lured the patrons on to the usual results.    The information should have charged that the defendant conducted the games mentioned therein for money, checks, credit or some representative of value, naming the same.

The supreme court of California, in construing a statute identical with ours except it designates some games not named in our statute, adopted the same construction that we have given this statute.    *People v. Carroll*, 80 Cal. 153, 22 Pac. 129.    To the same effect is *People v. Sam Lung*, decided by the supreme court of California, 11 Pac. 673.

The information failed to charge a public offense, and the motion in arrest should have been sustained.    The judgment of the district court of Oklahoma county is reversed and cause remanded, with directions to sustain the motion in arrest of judgment, and to give the territory leave to amend the information, if desired, and for such further proceedings as may be proper.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.