## DAVID BROWN v. STATE.

No. 306.   Opinion Filed February 6, 1911.

(113 Pac. 219.)

**GAMING—Conducting Poker Games—Sufficiency of Indictment.** An indictment which charges a person with conducting the prohibited game of poker for value, but which fails to charge that the persons who played at the game were playing for money or representative of value, does not charge a public offense under our statute.

(Syllabus by the Court.)

*Appeal from Tulsa County Court; N. J. Gubser, Judge.*

David Brown was convicted of conducting a poker game, and he appeals.   Reversed and remanded, with directions.

*Davidson & Malloy,* for appellant.—Citing *Proctor v. Territory,* 18 Okla. 378, and *People v. Carroll,* 80 Cal. 153.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE.   The plaintiff in error was tried on an information in the county court of Tulsa county, and judgment rendered against him on the 16th day of September, 1908, on a charge of conducting a poker game.   His punishment was fixed at a fine of $100 and imprisonment in the county jail for 30 days, and he has perfected his appeal to this court.

The only question we shall consider in this record is the sufficiency of the information, the charging part of which is as follows:

"That on the 14th day of June, 1908, in Tulsa county, state of Oklahoma, Dave Brown, late of said county, and within the jurisdiction of this court, did unlawfully conduct the prohibited game of poker for a representative of value, contrary to the form of the statute in such cases made and provided, against the peace and dignity of the state of Oklahoma."

Appellant filed a demurrer to this information, which was overruled, and he excepted.   After conviction he filed motions

in arrest of judgment and for a new trial, in both of which he raised the question of the sufficiency of the information, which motions were overruled, and he excepted. The statute under which this appellant was prosecuted and convicted reads as follows:

"Every person who deals, plays or carries on, opens or causes to be opened, or conducts, either as owner or employee, whether for hire or not, any game of faro, monte, poker, roulette, craps or any banking or percentage game played with dice, cards, or .any device, for money, checks, credit or any representative of value, is guilty of a misdemeanor, and is punishable by a fine of not less than one hundred dollars, nor more than one thousand dollars, and by imprisonment in the county jail for a period of not less than thirty days, nor more than six months." (Snyder's Comp. Laws 1909, § 2422.)

The information in this case charges that the plaintiff in error "did unlawfully conduct the prohibited game of poker for a representative of value." The information does not charge an offense under the foregoing statute.

In discussing a similar information, based upon a similar statute in California, the Supreme Court of that state says:

"To constitute it an offense to conduct the game, it (the game) must be 'played for money, checks, credit, or any other representative of value.' The information does not charge that the game was played for money, but that the defendant conducted it for money. It may be that those who were engaged in the game were playing for amusement, and paid the defendant a fixed sum, in no way dependent upon the result of the game for conducting it. This would be within the allegations of the information, but it would not be a public offense or within the statute." (*People v. Carroll,* 80 Cal. 153, 22 Pac. 129.)

This information should not only have .charged that the appellant conducted the game for a representative of value, but that those who played at the game played for a representative of value. The case of *Proctor v. Territory,* 18 Okla. 378, 92 Pac. 389, is a case identical with this in point of principle. In that case the information failed to charge that the person who conducted the game did so for value. In this case the information charges that the person conducting the game did so for value, but fails to

charge that the persons who played at the game were playing for money or a representative of value. The information fails to charge a public offense under the statute, and the motion of the appellant filed in arrest of judgment in the county court should have been sustained.

The judgment of the trial court is reversed and the cause remanded, with directions to the court below to sustain the motion in arrest of judgment, and give the county attorney leave to amend the information if desired, and for such other and further proceedings as may be proper.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.