## JOE MORGAN *et al.* v. STATE.

No. A-1116.  Opinion Filed March 19, 1912.

(121 Pac. 1088.)

1. **GAMING—Indictment—Sufficiency.** An indictment which charges a person with playing a game of poker, but which fails to charge that the person was playing such game for money or other representative of value, does not state a public offense against our statute.

2. **TRIAL—Instructions—Reasonable Doubt.** An instruction which states that by the term "reasonable doubt" is meant "a doubt for which a reason can be given," is erroneous.

(Syllabus by the Court.)

*Appeal from Rogers County Court;
H. Tom Kight, Judge.*

Joe Morgan and George Hurford were convicted of gaming, and appeal. Reversed.

*Bonds & Howard,* for appellants.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. · In this case the Attorney General has filed the following confession of error:

"The Attorney General would respectfully call. this honorable court's attention to the charging part of the information in this case, as follows: 'That on the 18th day of December, A. D. 1910, in the county of Rogers, state of Oklahoma, one Joe Morgan and George Hurford, then and there being, did then and there willfully and unlawfully conduct a game of chance

for money, commonly called "poker," and was played with cards, and which said game of chance was so conducted in Claremore, Rogers county, Oklahoma, in a building on the south side of Third street, in said town, commonly known as the "Altamont rooming house." ' To this information plaintiffs in error each filed a demurrer because: (1) That the facts pleaded in said information do not constitute a public offense. (2) That said information charges more than one offense. This demurrer was by the court overruled, and excepted to, and the error of the court in so doing was set up in the motion for new trial and in the petition in error. Under the holding of this court in the case of *Brown v. State,* 5 Okla. Cr. 41, 113 Pac. 219, the overruling of this demurrer is reversible error, for the information must allege that the game so conducted must be played for money or some representative value.

"The court also, in defining 'reasonable doubt' in instruction No. 2, among other things said: 'A reasonable doubt means a doubt for which you can assign a reason, not a mere fanciful doubt,' etc. To the giving of this instruction plaintiffs in error reserved an exception, and assigned the same as error, both in the motion for new trial and in the petition in error. Instructions embracing this and similar language in defining 'reasonable doubt' have repeatedly been held to be erroneous by this court, and sufficient ground for reversal. *Abbott v. Territory,* 1 Okla. Cr. 1, 94 Pac. 179; *Price v. State,* 1 Okla. Cr. 358, 98 Pac. 447; *Gragg v. State,* 3 Okla. Cr. 409, 106 Pac. 350.

"For the reasons above set out, the Attorney General believes that, under the former holdings of this court, sufficient error appears in the record in this case to authorize its reversal, and confesses error accordingly.

"CHAS. WEST, Attorney General.

"SMITH C. MATSON, Asst. Atty. Gen."

The court is of the opinion that the errors confessed by the Attorney General are material. The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.