## CECIL PROCTOR v. STATE.

No. A-1665.   Opinion Filed March 22, 1913.

(130 Pac. 819.)

1. GAMING—Indictment—Sufficiency. An indictment which charges a person with conducting the prohibited game of roulette for value, but which fails to charge that the persons who played at the game were playing for money, or a representative value, does not charge a public offense under our statute.

2. INDICTMENT AND INFORMATION—Following Decisions of Appellate Court. It is the duty of prosecuting attorneys to follow

Vol. 9 Cr.—6

the decisions of the appellate courts in the preparation of informations, and there is little justification for a failure to do so, when the appellate court has spoken in plain, unequivocal language on any specific proposition.

3.  SAME—Demurrer—Duty of Court. When questions of law are properly raised by demurrer, which are fatal to an information under the established law, it is the sworn duty of the trial courts to sustain such demurrer, and direct the prosecuting officer to file a proper information, or dismiss the prosecution.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

Cecil Proctor was convicted of gaming, and appeals. Reversed.

*Kistler, McAdams & Haskell,* for plaintiff in error.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, Cecil Proctor, was convicted at the March, 1912, term of the county court of Oklahoma county, on a charge of conducting a roulette game, and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of 60 days.

The Attorney General has filed the following confession of error in this case:

"The Attorney General would respectfully call this honorable court's attention to the charging part of the information filed in this case, which is in words and figures as follows, to wit: 'That the above-named Cecil Proctor did, in Oklahoma county, and in the state of Oklahoma, on the 20th day of January, in the year A. D. 1912, commit the crime of operating a roulette game in manner and form as follows: They did unlawfully operate a game of roulette, as owners or employees to the state unknown, for money and other representatives of value.' To this information plaintiff in error filed a demurrer upon the ground that said information did not state facts sufficient to constitute an offense under and by virtue of the laws of the state of Oklahoma. This demurrer was overruled by the court, and the ruling excepted to, and the error in so doing was set up in the motion for new trial and in the petition in

error. Under the holding of this court in the case of *Brown v. State,* 5 Okla. Cr. 41, 113 Pac. 219, the overruling of this demurrer was reversible error, for the information must allege that the same so conducted was played for money, or some representative of value. The same ruling was made in an identical case to wit, *Morgan et al. v. State,* 7 Okla. Cr. 45, 121 Pac. 1088. For the above reasons, the Attorney General believes that under the holdings of this court sufficient error appears of record to authorize a reversal of this judgment, and confesses error accordingly."

It is not necessary for this court to enter into a discussion of the merits of this appeal. The confession of error correctly states the law. The opinion in the Brown case, 5 Okla. Cr. 41, 113 Pac. 219, was filed more than a year prior to the institution of this prosecution, and should have been followed by the county attorney in preparing the information, and by the court when a demurrer was filed to such information raising the question of its sufficiency. The rule declared in the Brown case, *supra,* has been the law in this jurisdiction for many years. As far back as February, 1907, the territorial court declared the doctrine that is followed in the Brown case, and many cases from other courts declare the same rule.

This appeal should not have been permitted to come to this court. The trial court should have sustained the demurrer, and directed the county attorney to file a proper information, or dismiss the prosecution. It was his sworn duty to do so. The law is plain and unequivocal. The question here raised has been passed upon and adjudicated both by this court and its predecessor. The failure of the prosecuting officer and the trial court to follow the plain, unequivocal expressions of the appellate courts on this question necessitates a reversal. We cannot but sustain the confession of error and order a new trial. If this case is to be prosecuted again, a proper information should be filed, and the case tried upon its merits.

The judgment is reversed, and the cause remanded.

DOYLE and FURMAN, JJ., concur.