## VAL GARDNER v. STATE.

### No. A-2219.  Opinion Filed March 28, 1914.

#### Appeal from County Court, Comanche County; H. N. Whalin, Judge.

Val Gardner was convicted of conducting a gambling game, and appeals. Reversed.

Fain & Young, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. This appeal is prosecuted from a conviction had in the county court of Comanche county, on the 7th day of February, of this year, in which plaintiff in error was found guilty of conducting a gambling game. The petition in error with case-made was filed in this court on March 25, 1914. The next day the Attorney General filed a confession of error, which, omitting the title, reads as follows: "Comes now the state of Oklahoma by the Attorney General and respectfully calls this honorable court's attention to the charging part of the information filed in this case, which is as follows: "On the 16th day of August, 1913, Val Gardner then and there being, did then and there, willfully, unlawfully conduct as owner there of a game of roulette for money, checks and credit," etc. To this information the defendant filed a demurrer upon the ground that the facts stated in said information did not constitute a public offense. This demurrer was overruled by the court, to which ruling the defendant excepted at the time, and the error of the court in so overruling the demurrer was set up in the motion for new trial, as well as in the motion in arrest of judgment, and the motion for a new trial was overruled, to which the defendant excepted, and the ruling of the court as afore-

said is assigned as error in the petition in error filed in this case. Under the holding of this court in the case of **Brown v. State**, 5 Okla. Cr. 41, **Morgan et al. v. State**, 7 Okla. Cr. 45, and **Proctor v. State**, 9 Okla. Cr. 81, the overruling of this demurrer constitutes reversible error, for the information must allege that those who played at the game, so conducted, played for money or some representative of value. For the above reason the Attorney General believes that under the holdings of this court sufficient error appears of record to require a reversal of this judgment, and confesses error accordingly, and moves the court for a speedy disposition of the case.'' We are of opinion that the confession of error is well founded, and should be sustained. The judgment of conviction herein is therefore reversed, and the cause remanded with direction to sustain the demurrer to the information. Mandate forthwith.