## ELMER JOHNSON *et al.* v. STATE.

No. A-1747. Opinion Filed May 7, 1914.

(140 Pac. 622.)

1. GAMING—Information—Sufficiency—Elements of Offense. (a) It is not essential to the validity of an information based on section 2498, Rev. Laws 1910, which was section 2422, Comp. Laws 1909, that it contains an allegation or averment that the person charged with conducting a gambling game did so for money, checks, or other representatives of value. The contrary doctrine announced in Proctor v. Territory, 18 Okla. 378, 92 Pac. 389, is overruled for the reasons set forth in opinion.

(b) Any person, whether he be owner, employee, or a by-stander acting as a matter of accommodation, who conducts any such prohibited game or assists in conducting the same is subject to indictment and conviction for so doing, whether he acts, for compensation or not.

2. SAME—Information—Sufficiency.. (a) It is not essential to the validity of an indictment or information that it set out the capacity in which the person acted who conducted the prohibited game, nor that he received compensation for his acts. It is sufficient that the information charge that a prohibited game was conducted, which game was played at by other persons for money or other representatives of value.

(b) For an information properly drawn under the statute, and which is proof against demurrer and objection, and which is in proper form under the statute, see opinion.

3. SAME—Sufficiency of Evidence. Uncontradicted evidence which clearly establishes a violation of the law, and connects the accused directly with such violation, is sufficient to sustain a conviction.

*Appeal from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Elmer Johnson and John Garrett were convicted of gaming, and appeal. Affirmed.

*Reardon & Hereford,* for plaintiffs in error.

*Smith C. Matson,* Asst. Atty. Gen. (*Herbert M. Peck,* of counsel), for the State.

ARMSTRONG, P. J. The plaintiffs in error, Elmer Johnson and John Garrett, were convicted at the March, 1912, term of the county court of Oklahoma county on a charge of conducting a roulette game, and their punishment fixed at a fine of $500 and confinement in the county jail for a period of 60 days.

The information upon which the conviction is based is as follows:

"In the name and by the authority of the state of Oklahoma comes now Sam Hooker, the duly qualified and acting county attorney in and for Oklahoma county, and state of Oklahoma, and on his official oath gives the county court in and for said Oklahoma county and state of Oklahoma to know and be informed that the above-named Elmer Johnson and John Garrett did, in Oklahoma county, and in the state of Oklahoma, on the 8th day of March, in the year of A. D. 1912, commit the crime of conducting a game of roulette in manner and form as follows: For that they did then and there unlawfully and wrongfully conduct a game commonly called roulette, the same being played for money and other representatives of value, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The proof on behalf of the state conclusively establishes the fact that the plaintiffs in error conducted a gambling game, to wit, roulette, on the date alleged, at 109½ North Broadway, in Oklahoma City, and that plaintiff in error Garrett was owner of said place. State's witness Seward testified that he was in the place on that day; that plaintiff in error Johnson was also there, and was looking after the game; that he saw Johnson pay off the dealer and the doorkeeper, and also saw him get money from one part of the building and give it to one of the dealers conducting a game in another part of the building.

No testimony was offered on behalf of either of the plaintiffs in error.

Counsel for the plaintiffs in error contend that the information does not state facts sufficient to constitute a public offense,

for the reason that it contains no' allegation that the persons conducting the game did so for money or some other representative of value, and for the further reason that the information does not state in what capacity the persons conducting the game acted—that is, whether as owner or employee—and insist that for these reasons the court should have sustained their objection to the introduction of testimony; no demurrer 'having been interposed.

The prosecution was based on section 2422, Comp. Laws 1909, which is as follows:

"That every person who deals, plays or carries on, or opens or causes to be opened, or who conducts, either as owner or employee, whether for hire or not, any game of faro, monte, poker, roulette, craps, or any banking or percentage game played with dice, cards, or any device, for money, checks, credit, or any representative of value, is guilty of a misdemeanor, and is punishable by a fine of not less than one hundred dollars nor more than one thousand dollars, and by imprisonment in the county jail for a term not less than 30 days nor more than six months."

It will be noted that plaintiffs in error are charged by the information with conducting a game of roulette, which game was played for money, checks, etc., but does not contain an allegation that the game was conducted for money, checks, etc. Counsel contend that the failure upon the part of the pleader to allege and prove this latter element is fatal to the information and conviction, and cite *Proctor v. Territory,* 18 Okla. 378, 92 Pac. 389, as sustaining their contention; also *People v. Carroll,* 80 Cal. 153, 22 Pac. 129; *Brown v. State,* 5 Okla. Cr. 41, 113 Pac. 219.

If the doctrine in the Proctor case is to be followed, then the contention of counsel would not be without merit. Upon a thorough investigation of the authorities on which the Proctor case was apparently based, however, we are of opinion that the rule there declared is not supported by the authorities cited, and is not a sound and correct interpretation of the statute. Neither is the *obiter dicta* in the Brown case, *supra,* supported thereby.

In *People v. Carroll, supra,* the Supreme Court of California had under consideration the question decided by this court in

*Brown v. State, supra,* but did not have under consideration the question decided by the Supreme Court of Oklahoma Territory in *Proctor v. State, supra.* The California court in the Carroll case said:

"To constitute it an offense to conduct a game, it must be 'played for money, checks, credit, or any representative of value.' The information does not charge that the game was played for money, but that the defendant conducted it for money. It may be that those who were engaged in the game were playing for amusement, and paid the defendant a fixed sum, in no way dependent upon the result of the game, for conducting it. This would be within the allegations of the information, but it would not be a public offense or within the statute."

From this quotation it is clearly to be seen that the California court was not considering, and did not refer to, the question here raised. They simply held, as we held in the Brown case, *supra,* that the information must charge that the persons playing in the game played for money, etc. The Carroll case is sound in principle and convincing in argument. The court simply held that the information did not allege that the games were played for money, and for that reason it was defective, but made no reference to the proposition that the conductor of the game must carry on or conduct it for money.

*People v. Sam Lung,* 70 Cal. 515, 11 Pac. 673, also cited by the Supreme Court of Oklahoma Territory as supporting the rule in the Proctor case, does not in our judgment support it. The court there had under consideration the proposition of whether or not it was necessary for the information to charge that the person who conducted or carried on the game did so as owner or as employee, and held that it was not necessary to either allege or prove that he acted in either capacity, but clearly established the doctrine that it is sufficient to allege and prove that the person who conducted or carried on the game, without reference to ownership or employment, conducted or carried on a game which was played for money, etc. It appears to us that the territorial court confused the terms "playing" and "conducting" in announcing the doctrine in the Proctor case, *supra.* This court fell into the same error in the *dicta* in the Brown case,

*supra.* This being the first time our attention has been called directly to the proposition, upon a careful and thorough investigation, we feel that the doctrine in the Proctor case and the *dicta* in the Brown case should be specifically overruled.

The information in the case at bar is not only not subject to defeat by objection to the introduction of testimony, but is sound against attack by proper demurrer. As said by the Supreme Court of California in *People v. Sam Lung, supra*: "It is not necessary to state that the person accused was the employee or owner of the game; nor is proof as to that fact an essential prerequisite to conviction," under the Penal Code.

The California court had under consideration a statute identical in principle with ours. Discussing the proposition further, the court said:

"As we understand section 330 of the Penal Code, it means that every person whatsoever who deals, plays, or carries on, or opens or causes to be opened, or who conducts, certain games therein mentioned, 'for money, checks, credit, or any other representative of value, is punishable by fine of not less than two hundred nor more than one thousand dollars, and shall be imprisoned in the county jail until such fine and costs of prosecution are paid—such imprisonment not to exceed one year'; and that 'every person who plays or bets at or against any of said prohibited game or games is guilty of a misdemeanor.' That being so, it was not material that the information (which charged that the defendant 'did willfully and unlawfully carry on and conduct a certain game of tan, then and there played for money,' etc.) should have stated that he did so as an employee or owner of such game. The offense defined in the first clause of the section *supra,* is not limited to those who, as owners or employees, conduct or carry on any of the prohibited games for money. It embraces all persons who carry on or conduct such games, whether as owners, employees, or in any other capacity, but it does not include any one who plays or bets at or against such games; they being included in the second clause of said section. The Legislature did not intend to declare, by the first clause, that no one except the owners or employees connected with such games should be punishable thereunder. It meant to include all persons who might thereafter commit the acts there prohibited."

The Supreme Court of Washington, in *State v. Preston,* 49 Wash. 298, 95 Pac. 82, construing a misdemeanor statute such as ours, quoting a portion of the statute, says:

" 'Each and every person who shall deal or carry on, or open or cause to be opened, or who shall conduct, either as owner, proprietor, or employee, whether for hire or not, any game of faro, monte, roulette, or any game played with cards, dice, or any other device, whether the same be played for money, checks, credit or any other representative of value, should be guilty of a misdemeanor.' The statute not only prohibits the conducting of such a game as proprietor, but prohibits the game by each and every person conducting the same, whether as owner or proprietor or employee, whether for hire or not, so it was not essential that an information thereunder should charge that accused conducted the game either as owner, proprietor, or employee."

These authorities amply support the contention of the state in this case that the information upon which this conviction is based fully complies with the law. We are of opinion that it not only complies with the law, but is the proper form for all such informations. See *State v. Wakeley,* 43 Mont. 427, 117 Pac. 95.

For the benefit of the prosecuting attorneys and the people of the state as well, we may say that any person interested directly or indirectly in conducting a gambling game in Oklahoma, whether as owner, or whether as employee, or whether as a matter of accommodation, either for hire or without hire, is subject to indictment and conviction under the statute, *supra.* An information charging such offense or offenses might well be drawn in the language of the information here under consideration, and proof that such game was conducted as alleged will be sufficient to sustain a conviction.

We have not overlooked the fact that there are authorities which sustain a more strict construction, but in Oklahoma the statute law requires a liberal construction as against a strict construction, and then, too, the cases relied upon and cited by counsel for plaintiffs in error are based upon felony indictments, and not misdemeanor indictments, as a rule. All courts are more

careful in extending the doctrine of liberal construction in felony than in misdemeanor cases.

The only other assignment necessary to refer to is based on the contention that the verdict of guilty is not sustained by sufficient evidence as to the plaintiff in error Johnson. The proof on behalf of the state was uncontradicted, and established the fact that Johnson was in the place on the date alleged; that he paid off one of the dealers and a watchman; that he procured money from one portion of the room and delivered it to a dealer who was conducting a game in another portion of the room; and otherwise interested himself in the conducting of the game. He did not deny these facts, and no one in his defense denied them.

We are of opinion that in the absence of any contradiction whatever of these facts, the verdict of the jury was properly sustained by the trial court, and we cannot disturb it on appeal.

DOYLE and FURMAN, JJ., concur.