### BERT TUCKER v. STATE.

No. A-3269.  Opinion Filed Jan. 6, 1920.

On Rehearing, Aug. 19, 1920.

(191 Pac. 201.)

(Syllabus.)

1.  **GAMING—Conducting Game—Defensive Evidence—Admissibility.** In a trial for conducting a roulette wheel for money, it is

not reversible error to exclude offered evidence of rules governing the operation of such gambling games and that the witnesses offered were at times in the place where said wheel was being conducted, and that they had not seen anything tending to show that the defendant was in any wise connected with the operation of said game or interested therein, as such offerred evidence did not tend to show any defense to the crime with which the defendant was charged.

2. **SAME—Persons Liable.** Any person, whether he be owner, employe, or bystander acting as a matter of accommodation, who conducts a roulette wheel played at for money, or assists in conducting the same, is subject to information and conviction for so doing, whether he acts for compensation or not. (Following **Johnson v. State,** 10 Okla. Cr. 597, 140 Pac. 622.)

3. **APPEAL AND ERROR—Harmless Error—Instructions.** Instructions given and instructions refused do not constitute reversible error, unless upon examination of the entire record it appears that the giving or the refusal to give such instructions has probably resulted in a miscarriage of justice or constitutes a violation of a constitutional or statutory right of a defendant.

4. **TRIAL—Refusal of Instructions on Jury's Deliberation.** It is not reversible error for a trial court to refuse to instruct a jury that they are not required to surrender their honest convictions for the mere purpose of agreeing upon a verdict.

*Appeal from District Court, Jefferson County; Cham Jones, Judge.*

Bert Tucker was convicted of conducting a roulette wheel for money, and appeals. Affirmed.

*Bridges & Vertrees,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Bert Tucker, hereinafter called defendant, was informed against for conducting a roulette wheel, found guilty, and his punishment fixed at imprisonment in the state penitentiary at Granite, Okla., for a term of 18 months, and to pay a fine

of $500.   To reverse the judgment rendered, he. prosecutes this appeal.

The. undenied evidence is that at the time and place alleged in the information, in a tent in Jefferson county, a roulette wheel was conducted for money, and that the defendant was present where and when said gambling was being conducted.

Clyde Coy testified:   That he knew the defendant and saw him in a tent running a roulette wheel for money. That witness gambled at said wheel.   An identified check signed Lahoma Roller Mills, by Clyde Coy, for $206.70, which was given for losses sustained by witness in playing said wheel, was admitted in evidence.   That on the 14th day of November, 1917, he had a little money and got a check cashed for $20, went to where said wheel was being operated, and lost it; then went to the defendant and told him that he wanted some more chips to play the wheel. That he had been to him before, and defendant told one Johnson, the man behind the wheel, to let him have what he wanted, and when the witness got ready to quit the man Johnson figured out what he owed, and witness gave the defendant his personal check for the amount he owed the house or the game, something near $200.   That he next saw the defendant on November 22, 1917.   That on November 17, 1917, he came to where the wheel was being operated and brought the said check which had been put in evidence, but defendant was not there, and he took the check back with him.   That he had an arrangement with the defendant to keep his personal checks to be taken up in another way, and on said 22d day of November delivered the check in evidence to the defendant, took up his personal check, and defendant gave him the difference, some $10 or $20.

That when he quit he was loser about $200. That on the 14th day of November, 1917, the defendant was running the game part of the time, spinning the ball and turning the wheel on the other side of the table from him. That on November 14th, he was where the said wheel was being operated for some four or five hours, and that the defendant during that time was running the wheel about one-third of the time. The defendant might not have stood there an hour, and that the game did not quit when defendant quit operating it. That the table was some five or six feet long, with a curved place sawed out where the operator stands, and on the table was check rack where the money and checks were kept. That the wheel is in the center of the table, and the table was so fixed that the players could stand at the ends and on the outside of the table. That he did not remember seeing the defendant behind the table handling the money, paying the people who won and taking the chips of those who lost. That he did not know that the rules of the game permitted a player to spin the ball. That he did not know that the player had such privilege. That he had never seen a man who was playing the game spin the ball. That the time defendant was rolling the ball he was not playing the game, and that he never saw anybody spin the ball or roll the roulette wheel except the defendant and the said Johnson.

Thereupon the defendant demurred to the evidence, which the court overruled, and the defendant excepted.

The defendant offered to prove by several witnesses: That it is customary in the game of roulette for any player to spin the ball, or for any player to call upon a bystander to spin the ball one or a number of times, and that the dealer must permit the party playing, or the party re-

quested by the player, to spin the ball, "for the purpose of showing the mere fact that the defendant may have on a few occasions spun the ball from among the players or as a player, or at the request of the player, would not be engaging in or conducting a game of roulette." That the place was known as Bob & Dick's place, and that the witnesses offered had never, though they had been where said game was played when the defendant was present, seen the defendant conduct said game, or be connected or interested in it.

The court excluded the said offered evidence, and defendant excepted.

The foregoing being all the evidence in the case, defendant requested the court to instruct the jury to return a verdict of not guilty, which was refused and exception reserved.

The defendant insists that the court committed reversible error in refusing to permit him to introduce the said offered evidence. We are unable to see how the excluded evidence, if admitted, would in any way tend to exculpate the defendant, or in the least contradict the evidence of the state. It was certainly immaterial what the rules of the said game were. If the defendant was only a bystander or spun the ball, or did both as a mere volunteer, he was guilty as charged.

Certainly it was entirely immaterial by what name the gambling tent was known. That the offered witness had been present with the defendant at said gambling place, and had never seen him conduct or be in any way connected or interested in running said gambling game, was not the slightest evidence that the defendant had not conducted said game.

It is next contended that the evidence is insufficient to sustain the conviction had, and hence the court erred in overruling the demurrer to the evidence, and in refusing to direct the jury ·to acquit the defendant. We are of the opinion that the evidence is sufficient to support the verdict of the jury, and that the court did not err in refusing to instruct the jury to acquit the defendant.

In *Johnson v. State,* 10 Okla. Cr. 597, 140 Pac. 622, it is held:

"Any person, whether he be owner, employe, or a bystander, acting as a matter of accommodation, who conducts any such prohibited game or assists in conducting the same, is subject to indictment and conviction for so doing, whether he acts for compensation or not."

The defendant further complains that the court committed reversible error in refusing to give requested instructions numbered, respectively, 1 and 2. While it is correctly stated by counsel for the defendant that the defendant had the right to have his theory of the defense presented to the jury, this right is predicated upon the fact that there is legal evidence to support such theory. The vice of the requested instruction No. 1 is that the theory therein sought to be presented to the jury is not based upon any evidence, and hence was properly refused. *Duncan v. State,* 11 Okla. Cr. 217, 144 Pac. 629.

Again, the defendant complains that the court committed reversible error in refusing to give requested instruction number 2, which instruction reads:

"As jurors you are instructed that you are not requested to surrender your honest conviction for the purpose of agreeing upon a verdict."

This requested instruction is not only abstract, but is fully covered by the instruction given the jury that, before they would be justified in finding the defendant guilty, they must find beyond a reasonable doubt from the evidence that he is guilty as charged, and avoids the necessity for giving the refused instruction. And, besides, the refused instruction assumes, without proper basis therefor, that jurors will violate their solemn oath—"to well and truly try and true deliverance make and a true verdict render according to the evidence."

Again, if no reason appears from the record to indicate injury from the failure of the court to give this instruction, a reversal should not follow its refusal.

We have not overlooked *People v. Wong Loung*, 159 Cal. 520, 114 Pac. 829, cited in defendant's brief, but cannot assent to the law as announced in said case.

The court did not err in refusing to give requested instruction No. 2.

The motion for a new trial was properly overruled.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.

On Rehearing.

PER CURIAM. The defendant, Bert Tucker, since the rendition of the opinion filed January 6, 1920, affirming the judgment of the district court of Jefferson county imposing a fine of $500 and imprisonment for 18 months in the penitentiary in this case, has filed a motion for rehearing.

Upon consideration of the same, and after a due and careful reconsideration of the evidence against the de-

fendant, it is the opinion of the court that. the ends of justice will be best subserved by a modification of the original judgment to provide a fine of $500 and imprisonment in the state penitentiary for one year, instead of 18 months, and the judgment is modified to that extent, and, as so modified, is affirmed.

Mandate forthwith.