## MIDDLETON v. STATE*
(No. 1308; May 3, 1927; 255 P. 786.)

GAMING—LIABILITY OF OWNER OF BUILDING—INDICTMENT AND INFORMATION—MOTION TO QUASH—INFORMATION SUFFICIENT TO SUSTAIN VERDICT WHERE BOTH COUNTS INVOLVE ONE TRANSACTION—JUDGMENT MODIFIED TO COVER ONE COUNT.

1. Defendant, permitting or conducting game of craps in building as owner thereof or as an employee, would be equally guilty.

2. Where information, charging permitting or conducting of game of craps in building, is not in proper form, motion to quash is proper remedy.

3. Allegations in count of information, charging defendant conducted game of craps and in second count permitted game, *held* sufficient to show defendant was owner or employee in charge of the game and to sustain verdict.

4. While defendant was informed against on count for conducting a game of craps and count for permitting a game of craps in a building, where whole matter was involved in one transaction, judgment of conviction should be modified so that sentence can be pronounced on one count, and, penalties being the same, it is immaterial on which count the sentence is pronounced.

*See Headnotes: (1, 2) 27 CJ p. 1006 n. 97; 31 CJ p. 793 n. 73. (3) 27 CJ p. 1017 n. 2; p. 1018 n. 6; p. 1025 n. 15. (4) 16 CJ p. 1278 n. New.

ERROR to District Court, Natrona County; R. R. ROSE, Judge.

D. W. (Wes) Middleton was convicted of conducting and permitting a crap game to be played in a building occupied by him, and he brings error. Judgment modified, and case remanded for resentence. See, also, 241 P. 715.

*W. B. Cobb* and *B. H. Pester,* for plaintiff in error.

The Legislature cannot provide that a mere statement of the juror will qualify him regardless of what his voir dire examination may show; Turner v. State, 111 Pac. 988; Scribner v. State, 108 Pac. 422. The statute in question is 7504 C. S.; it violates Art. I, Sec. 90; 35 C. J. 345; Coughlin v. People, (Ill.) 19 L. R. A. 57; State v. Murphy, 37 P. 420; Miller v. State, 45 N. W. 451. There was misconduct by the prosecuting attorney in calling attention to the fact that defendant did not testify; the court instructed the jury to disregard the statement, but that did not remove the prejudice created; Stout v. U. S., 227 Fed. 799; Miller v. People, (Ill.) 74 N. E. 743; State v. Jones, (Minn.) 147 N. W. 822; Sturgis v. State, (Okla.) 102 P. 57; Anderson v. State, 27 Wyo. 345. In the above case, the defendant made a statement not under oath; the pros-

ecutor commented upon the fact; held to be prejudicial; see also, State v. Tobin, 226 P. 681.

*W. O. Wilson,* Attorney General, and *James A. Green-wood,* Deputy Attorney General, for defendant in error. *(D. J. Howell,* former Attorney General, and *John C. Pick-ett,* former Assistant Attorney General, on the briefs.)

The information was sufficient under the statute; 3389 C. S.; State v. Tobin, 31 Wyo. 355; State v. Tiffany, (Wash.) 87 P. 932; Edwards v. State, 56 So. 401; Smith v. Farley, 140 N. Y. S. 990; State v. Kerr, (N. D.) 58 N. W. 27. The commission of any one or more of the acts, set out in Section 3389, is a misdemeanor; the second count was drawn under Section 3391, and was undoubtedly good; State v. Tobin, supra. The presumption is that defendant was guilty under both counts; Ins. Co. v. Lumber Co., (Wyo.) 148 P. 341; 17 C. J. 223. The information charged a crime of conducting and carrying on a gambling game, played with dice, in violation of Section 3389 C. S.; it was not the intention to confine the offense to owners or employees.

Before BLUME, Chief Justice, RINER and ILSLEY, District Judges.

ILSLEY, District Judge.

Omitting the formal parts, the defendant was charged in the court below with:

"did then and there wilfully, unlawfully and maliciously conduct and carry on a certain game played with dice known as craps, for money and other representatives of value, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming. * * * *

SECOND COUNT

* * * * did then and there wilfully, unlawfully and maliciously permit a certain game played with dice known as craps, for money and other representatives of value, to be played, conducted, dealt and carried on in a build-

ing known and described as 254 South Center Street, in the City of Casper, Natrona County, Wyoming, which said building was then and there occupied by Wes Middleton.''

Upon trial, the defendant was found guilty upon both counts as charged in the information. The case is here before us upon proceeding in error, and the only questions presented as the record now stands are whether or not the information alleges crimes sufficient to sustain the verdict, and whether or not the judgment should be modified and entered only upon one count.

The sufficiency of the information charging gambling under our statute was discussed in State v. Tobin, 31 Wyo. 355, 226 P. 681.

We do not understand that the assignments of error raise the point, and neither are we called upon to decide, whether or not to merely play a gambling game is a violation of the statute.

If the defendant permitted or conducted the game as owner or as an employee, he would be equally guilty. If the information is not in proper form, a motion to quash should have been made. State v. Tobin, supra. In fact, under a similar, if not identical, statute, the Penal Code of California, Section 330, it was held that:

''It was not material that an information (which charged that the defendant 'did willfully and unlawfully carry on and conduct a certain game of tan, then and there played for money,' etc) should have stated that he did so as employee or owner of such game.'' People v. Sam Lung, 70 Cal. 515, 11 Pac. 673.

The allegations in the first count of the information that defendant did conduct, carry on a certain game, etc., or as in the second count of the information, did permit a certain game, etc., is sufficient to show that the defendant was not a mere player, but rather that he was

the owner or an employee in charge of the game. The purpose of the statute is to declare an employee who permits any of the acts prohibited as equally guilty with the owner. There are many cases on the subject. See People v. Sam Lung, supra; 13 C. J. 1018; Ex parte Ah Hem, 53 Cal. 246; Johnson v. State, 10 Okla. Cr. Ct. of Appeals, 597, 140 Pac. 622; State v. Wakely, 43 Mont. 427, 117 Pac. 95; Tucker v. State, 17 Okla. Cr. Ct. of Appeals, 580, 191 Pac. 201; State v. Tudor, 47 Mont. 185, 131 Pac. 632.

We are, therefore, convinced that the information in this case alleges a crime sufficient to sustain a verdict.

That brings us to the question: Should the judgment be modified and entered only upon one count? While there may be some doubt on the question, we shall resolve the doubt in defendant's favor, and think it sufficiently appears from the record before us that while the defendant was informed against in two separate counts, the whole matter was involved in one transaction, presenting a point just like that in Tobin v. State, 31 Wyo. 355. 226 P. 681, and therefore the judgment should be modified so that sentence can be pronounced upon one count, and, the penalties being the same under either, it is immaterial upon which count sentence is pronounced.

A motion was made herein for the return of certain money introduced in evidence in the trial of this case. As we understand it, a similar motion had previously been made in the lower court, but that the lower court refused to pass upon the motion for the reason that it conceived that it had no jurisdiction in the matter in view of the appeal of the case pending in this court. Inasmuch, however, that the cause will be remanded to the district court, the question of jurisdiction in the lower court will no longer be involved, and it, accordingly, can pass upon such motion, so as to obviate the necessity of this court doing so.

The judgment will therefore be modified and the case remanded to the District Court, so that the defendant may be re-sentenced in accordance with the view herein expressed.

*Modified and Remanded.*

BLUME, Chief Justice, and RINER, District Judge, concur.