Elmer **FARLEY**, Jr., Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12877.

Court of Criminal Appeals of Oklahoma.

July 13, 1960.

John T. Edwards, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Elmer Farley, Jr., hereinafter referred to as the defendant, was charged by information in the Common Pleas Court of Oklahoma County with operating a laundry and dry cleaning business without a license. He was tried before a jury, found guilty, and sentenced to pay a fine of $30 plus the cost of the action.

The charging part of the information in said cause reads as follows:

"* * * that is to say, the said defendant, in the county and State aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully, and wrongfully conduct at 516 S. Dewey, in Oklahoma City, in the said county and state, a laundry and dry cleaners under the name of Farley's Laundry and Cleaners, exhibiting and using title 'Farley's Laundry and Cleaners' without having procured from the State of Oklahoma a license to conduct said laundry and dry cleaning business; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma * * *."

To this information the defendant entered his plea of not guilty. Subsequently defendant filed a motion to withdraw his plea for the purpose of filing a motion to quash and set aside the information. The motion was granted. Defendant then by written motion attacked the validity of the information, asserting among other things that the information *fails to state facts constituting an offense by the defendant*. It shall be unnecessary to encumber this opinion with a discussion of any other contention of error. The court has no legal alternative but to agree with the contention of defendant that the allegations of the information are wholly insufficient. The statute clearly defines 'cleaning, dyeing or pressing business' and designates the elements constituting the offense. Title 59 O.S.A. § 741 Section C defines it as follows:

"(C) 'Cleaning, dyeing and/or pressing business' shall mean the operation of any establishment, plant, office, store or vehicle where dry cleaning, wet cleaning as a process incidental to dry cleaning, dyeing, spotting or finishing any fabric, is performed or rendered for a price or consideration, and where such service is sold, resold, or offered for sale or resale, and shall include the

acceptance and transportation of any clothing or other fabric to be cleaned, pressed or dyed, whether such service shall be rendered by the person so accepting or transporting such fabrics or by others."

It is readily observed that the important element contained in the definition is *"for a price or consideration"*. The information fails to allege by inference or otherwise that defendant conducted said business for price or consideration. No doubt the legislature intended that the price or consideration be the paramount element of the offense. If this were not true every housewife would find herself in violation of the statute by cleaning or pressing apparel for her children or husband. Your writer's wife could have been in direct violation were it not for the provision requiring a price or consideration as an element of the offense. This question has not been before the Court as it effects a violation of the statute as to cleaners and pressers. However, it has been passed on as to other offenses. In the case of Morgan v. State, 7 Okl.Cr. 45, 121 P. 1088, this Court said: an indictment charging a person with playing a game of poker, without stating that it was for money or other representative of value, held not to state a public offense.

Also see Gardner v. State, 10 Okl.Cr. 687, 140 P. 1195.

This Court is of the opinion that the information failed to allege the elements of an offense and therefore is fatally defective. The court erred in overruling defendant's motion attacking the validity of the information. The judgment and sentence is hereby reversed and the cause remanded for a new trial.

POWELL, P. J., and BRETT, J., concur.