The State v. Boyer.

THE STATE v. BOYER.

Gambling: EVIDENCE TO CONVICT. Where, on an information for gambling, the evidence showed that the officer who arrested defendant went to a room in which language used in the game of poker, and the rattling of poker-chips and cards was heard, and, upon demanding admission and being refused, he forced an entrance just in time to see one man escaping from a window, and found upon a table in the room poker-chips and cards, used in the game of poker, and found defendant in an adjoining hall, which he could enter from the street only from the room in question, and defendant attempted no explanation of his presence there, *held* that it was sufficient to sustain a conviction.

*Appeal from Davis District Court.* — HON. H. C. TRAVERSE, Judge.

FILED, FEBRUARY 5, 1890.

DEFENDANT was tried without a jury, and convicted upon an information charging him with the crime of gambling, brought upon appeal from a justice of the peace.

*S. S. Carruthers* and *Payne & Eichelberger*, for appellant.

*John Y. Stone*, Attorney General, and *George T. Sowers*, County Attorney, for the State.

BECK, J.—I.   Counsel for defendant insist that the evidence is not sufficient to support the conviction of defendant, in that it fails to establish the fact that defendant is guilty of the offense charged against him. The evidence shows that the officer who arrested defendants went to a room in which voices were heard, using language employed in the game of poker, and the rattling of chips used in the same game and cards were heard.   The officer demanded admittance, and was refused, but he broke the door just in time to observe a part of the body of one man escaping out of the window. Poker-chips, and cards used in the game of poker, were found upon a table.   Defendant was found in an adjoining hall, which he could not enter from the street without going through the room where the gaming appliances were found, and he could enter the hall through the window of that room.   Other persons were found in the adjoining room, connected with the gaming room by the window through which the escape above stated was made.   That there was gambling in the room when the officer demanded admittance there can be no doubt. The *corpus delicti* is established beyond a doubt.   That defendant was present when the crime was committed there can be no doubt.   Not one word of evidence is offered by defendant, or any other person present, denying the crime, or tending to show that defendant was not a guilty party.   Surely, when one is present at the commission of a crime, runs away when officers and

others come to arrest the guilty party, and fails to offer one word of evidence explaining his presence and his flight, and showing that it all is consistent with innocence, evidence of such facts amply supports a judgment of conviction for the crime. Counsel think that "prejudice against the crime of gambling" secured the verdict. The same character and weight of evidence would, in every court in the land, be regarded amply sufficient to warrant the conviction of heinous offenses and the higher felonies.

II. One of the fugitives, arrested after the flight from the gambling room, testified that he made certain statements before the grand jury when he was a witness there. This evidence is now made the ground of objection. Assuming that it is irrelevant and immaterial, no prejudice could possibly have resulted to defendant therefrom. It is not, therefore, a sufficient ground for reversing the case. But no objection was made to the admission of the evidence. It cannot be first complained of in this court. The judgment of the district court is

AFFIRMED.