### J. F. RUSH et al. v. STATE.

No. A-3231. Opinion Filed Oct. 8, 1921.
Rehearing Denied Nov. 28, 1922.
(210 Pac. 316.)

Appeal from County Court, Oklahoma County; William H. Zwick, Judge.

J. F. Rush, T. L. Walters, G. G. Glover, C. A. Provo, Ben Herskowitz and Ned Warren were each convicted of gambling,

and they appeal. Reversed and remanded as to Ned Warren, and affirmed as to the other defendants.

E. G. McAdams, for plaintiffs in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. The above-named appellants, hereinafter referred to as defendants, were convicted at the 1917 term of county court of Oklahoma county of the crime of gambling, and punishment assessed in the form of a fine of $100, to which was added imprisonment in the county jail for period of 30 days. All the defendants except Warren were jointly tried and convicted by jury. After close of that trial Warren pleaded not guilty, waived a jury trial, and by agreement with the county attorney the issue in his case was submitted to the court upon evidence introduced in the trial of the other defendants, "said evidence to be of same force and effect as reintroduced at this time before the court."

The only question presented for review is the sufficiency of the evidence to sustain these convictions. The evidence as a whole is circumstantial, as it generally is in cases of this kind, unless the evidence of an accomplice is obtainable.

A careful review has been made by the court of this evidence. Allowing the reasonable inferences and deductions to be drawn from the circumstances adduced against all the defendants with the exception of one, the court is of the opinion that there is evidence in the record sufficient to give the jury reasonable grounds to conclude that the defendants were guilty of the crime charged; and, in the absence of any defense interposed or explanation made of these incriminating circumstances, we think the judgment as to these defendants should be affirmed.

As to the defendant Warren, there is no evidence in the record which connects him with this offense. His conviction is based on evidence from the trial of the other defendants, and in that trial the state only attempted to identify the defendants then on trial as being present and participating in the game. Warren's name was not mentioned in that trial. True, two of the witnesses for the state testified that there were two other persons than defendants on trial present at the game. Who these other two were does not appear from this record.

The Attorney General has filed a confession of error, in which he states that there is no evidence to connect the defendant Warren with the crime, and asks that judgment in his case be reversed. This court concurs in views expressed in the confession of error by Attorney General, and the judgment as to Ned Warren is reversed, and cause remanded, as to him, to the trial court for further proceedings. The judgment as to Rush, Walters, Glover, Provo, and Herskowitz is affirmed.