JOHN F. FERGUSON et al. v. STATE.

No. A-8175.   Oct. 30, 1931.
(4 Pac. [2d] 696.)

John F. Vaughan, for plaintiffs in error.

J. Berry King, Atty. Gen., Ernest F. Jenkins, Co. Atty., and Guy L. Horton, Asst. Co. Atty., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Payne county on a charge of gambling, and were each sentenced to pay a fine of $50, and in addition the defendant Jim Ferguson was sentenced to serve 30 days in the county jail.

At the time charged, the sheriff and two deputies, with a search warrant, went to the residence of one Hall. They forced their way into the house and found a crap table and cloth, designated a dice blanket, with numbers on it, a dice cup and dice, and 65 cents in money. One witness testified that, as they entered the house, Hall called out, "Abe, clean up," and the same witness testified he heard the sound of money rattling. Another officer with this witness did not recall hearing this expression. The defendants were in or going into an adjoining room when the officers entered. They all testify that they did not participate in any game and that no gambling had been going on.

The crime of gambling may be proven, as any other crime, by circumstantial evidence. McCarty v. State, 21 Okla. Cr. 365, 207 Pac. 1069; Rush v. State, 22 Okla. Cr. 126, 210 Pac. 316; Crosby et al. v. State, 37 Okla. Cr. 312, 257 Pac. 1113; State v. Boyer, 79 Iowa, 330, 44 N. W. 558.

In cases where the charge is gambling, usually something more than the mere finding of paraphernalia for gambling is required; some noise, expression, or conduct indicating that a gambling game is in progress. Here only one witness testifies to an expression that might indicate a playing of a game of chance or which might indicate only the presence of gambling devices. We have a very strong suspicion that defendants were engaged in

a crap game or were preparing to enter into one, but are not able to say the evidence proves that a game was being played.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.