# EDWARD P. ROEDL v. STATE.

No. A-10161.   Jan. 20, 1943.

(133 P. 2d 558.)

2

Laynie W. Harrod, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and Phil E. Daugherty, Asst. Co. Atty., both of Oklahoma City, for defendant in error.

BAREFOOT, J. Defendant, Edward P. Roedl, was charged in the court of common pleas of Oklahoma county with the crime of conducting a public nuisance, was tried, convicted and sentenced to pay a fine of $500, and has appealed.

The charge in this case arises from the conducting by defendant of a place of business at 325 West Grand, in Oklahoma City, known as "Eddie's" place, on the 21st day of April, 1941; and in which it was charged in the information, "where gambling games (betting and booking baseball games) were permitted, where score cards were kept, and where information was given out to various and divers persons, and where divers persons unknown were permitted to congregate, all for the purpose of gambling, betting and wagering, all to the common nuisance of the public."

The only real contention of the defendant for a reversal of this case is that evidence introduced by the state "was wholly insufficient to justify a verdict of guilty or sustain a judgment based upon a verdict of guilty." The other questions involved will be discussed in connection with this assignment of error.

The statute under which defendant was charged is section 2457, Okla. Stats. 1931, O. S. A. (Stat. 1941), Title 21, § 1191, which is as follows:

"Every person who maintains or commits any public nuisance, the punishment for which is not otherwise prescribed, or who wilfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a misdemeanor."

Sections 11489, 11490, and 11496, Okla. Stats. 1931, O. S. A. (Stat. 1941) Title 50, §§ 1, 2, and 8, are as follows:

"§ 1. A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

"First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or

"Second. Offends decency; or,

"Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or,

"Fourth. In any way renders other persons insecure in life, or in the use of property.

"§ 2. A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal."

"§ 8. The remedies against a public nuisance are:

"1, Indictment or information, or,

"2, A civil action, or,

"3, Abatement."

An examination of the authorities convinces us that a place of business such as charged in the information in this case is a public nuisance, and under the statutes above quoted may not only be subjected to abatement by injunction, but that the conducting thereof may be pun-

ished under the law of this state for a misdemeanor, and that the sections of the statute above quoted and under which the defendant in this case was charged are the proper sections of the statutes for the prosecution of such charge.

In the case of James v. State, 4 Okla. Cr. 587, 112 P. 944, 34 L.R.A., N.S., 515, 140 Am. St. Rep. 693, this court in an early day decision said:

"A house or place kept for the purpose of enabling persons to place bets or wagers upon horse races is a common gambling house, is a nuisance per se, and those who conduct it are indictable and punishable under section 2465, Snyder's Comp. Laws Okla. 1909, 21 O. S. 1941 § 1191."

The section of the statute referred to is identical with the one here involved.

See, also, Jones v. State, 38 Okla. 218, 132 P. 319, 44 L.R.A., N.S., 161, Ann. Cas. 1915C, 1031; Oklahoma Kennel Club v. State ex rel. Bishop, 155 Okla. 233, 8 P. 2d 753; McNulty v. State, 90 Okla. 267, 217 P. 467; Blanton v. State, 38 Okla. Cr. 149, 259 P. 655.

In the recent case of Miller v. State, 74 Okla. Cr. 104, 123 P. 2d 699, we had occasion to decide a case which is very similar to the one here involved. The facts in that case were even stronger than in the case at bar. Judge Jones delivered the opinion and the case was reversed for the reason that the evidence was insufficient to sustain the judgment and sentence. The question involved was where the defendant with others was charged under the same statute as in the instant case, with the crime of running a place where bets and wagers were made upon football games. As stated above, the evidence against that defendant was stronger than in the case at bar. We

will not quote from that case, but anyone interested may read the same.

Here two officers who conducted the search of defendant's premises without a search warrant were the witnesses for the state. One of them testified to visiting the place on several occasions, and that it was a place where beer, sandwiches, cigars, cigarettes, and so forth, were sold. That there was located therein a baseball board and a ticker tape machine for securing the results of baseball games played in the different leagues. There was no evidence of betting on the games other than that one of the officers saw some money change hands between the defendant and another party, and testified that the defendant told him "that he had always bet on baseball games, and he was going to continue to bet on them as long as he had mind to."

Defendant's place was searched and certain papers were taken therefrom. One of these papers had certain numbers thereon, and another one had a list of the names of the baseball pitchers in each of the leagues, and figures which tended to show the games they had won and lost, and the score of each game; and also a large list of basketball players, but the officers testified that it was not the basketball season, and that they had seen nothing that would indicate that betting was being had in any way on basketball games.

The officers had no search warrant at the time they secured these exhibits. They knew nothing about what they meant, and could not explain to the jury how they were used or could be used. There was no evidence that the defendant ever used them. No bet of any kind was made by defendant or by anyone in his employment; and the officers testified that they had never seen any violation of law in any way in defendant's place.

Defendant offered the evidence of some twelve witnesses, who daily frequented his place for the purpose of buying beer, sandwiches, and so forth, and for the purpose of seeing the board where the results of the baseball games were posted. Each of these witnesses testified that they at no time saw any betting or violation of the law in any way by defendant, nor did they see the using of the cards for this purpose. These witnesses were men who worked or had business in close proximity to defendant's place of business.

From a careful examination of the record, we are convinced that the evidence was not sufficient to sustain the judgment and sentence. No brief has been filed by the state, or by the county attorney of Oklahoma county. Defendant's brief was filed on February 23, 1942.

For the reasons above stated, the judgment of the court of common pleas of Oklahoma county is reversed, with directions to discharge the defendant.

JONES, P. J., and DOYLE, J., concur.