## BURGESS et al. v. STATE.

### No. A–11969.

Criminal Court of Appeals of Oklahoma.

July 14, 1954.

J. M. Springer, Nowata, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiffs in error Jack Burgess, Myrl Porter, John McCall, Arvol Thomas, defendants below, were charged by information in the county court of Washington county, Oklahoma, with the offense of engaging and playing in a gambling game with dice or other gambling paraphernalia for money at a certain place in the aforesaid county. The offense was alleged to have occurred on or about March 1, 1953. The defendants were tried by a jury, convicted, punishment fixed at a fine of $100; judgment and sentence entered accordingly, from which this appeal has been perfected.

The defendants contend that the evidence upon which the conviction was predicated was insufficient and that the trial court erred in overruling their demurrer to the same. The evidence of the state offered by witnesses Bryant, Sellers, Thorne and Ferris shows that they were asked the following questions:

"Q. Did you see Jack Burgess gambling? A. No.

"Q. Did you see Myrl Porter gambling? A. No.

"Q. Did you see John McCall gambling? A. No.

"Q. Did you see Orville Thomas gambling? A. No.

"Q. Did you see anybody gambling there that night? A. No.

154

"Q. Do you know whether or not there was any gambling there that night by anybody? A. No."

It further shows that at the place where the offense was supposed to have been committed or the gambling was being conducted when they approached the place they saw a large number of automobiles, 12 or 15, parked in the yard. The house where the gambling was supposed to be conducted was 12 x 18 feet. They observed people through the window moving in and about the establishment. They proceeded to go inside of the house but they did not discover anybody gambling. They found a pair of dice under the table and a man who had some money in his hand, that one of the officers Bill Bryant, jerked the money out of the man's hand and threw it on the table. These defendants were charged with gambling under the provisions of Title 21, O.S. 1951 § 942. While the crime of gambling may be proven as any other crime by circumstantial evidence, McCarty v. State, 21 Okl.Cr. 365, 207 P. 1069; Rush v. State, 22 Okl.Cr. 126, 210 P. 316; Crosby v. State, 37 Okl.Cr. 312, 257 P. 1113, something more than the mere finding of paraphernalia for gambling is required. It has been held that there must be some noise, expression or conduct indicating that a gambling game is in progress. A strong suspicion is not a substitute for proof. Ferguson v. State, 52 Okl.Cr. 264, 4 P.2d 696. The record herein does not disclose that any of these defendants as charged had engaged in gambling of any kind or that any other persons were engaged in gambling at the time and place alleged, even though there was a suspicion that there had been. The court minutes made at the time the matter was submitted upon the record and brief of the plaintiffs in error, reflect that the Attorney General admitted in open court that he was unable to defend the record and the conviction predicated thereon for the lack of sufficient evidence. By reason of the foregoing facts the judgment and sentence herein is accordingly reversed and remanded with directions to dismiss the case.

POWELL, P. J., and JONES, J., concur.