**Howard SHAW, Plaintiff In Error,**

v.

**STATE of Oklahoma, Defendant In Error.**

**No. A–12345.**

Criminal Court of Appeals of Oklahoma.

Nov. 14, 1956.

Githen B. Rhoads, David J. Aubrey, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Lewis A. Wallace, Asst. Attys. Gen., for defendant in error.

JONES, Presiding Judge.

Howard Shaw was charged by an information filed in the District Court of Comanche County with the crime of maintaining a public nuisance by being the manager of a place where certain gambling games, to-wit: dice, were opened, conducted and carried on; was tried, convicted and sentenced to pay a fine of $4,000 and has appealed.

Two questions are presented by the appeal: First. Did the court err in overruling the demurrer to the information? Sec-

ond. Was the evidence sufficient to sustain a conviction?

As to the first proposition, the record discloses that counsel for the accused filed a demurrer and called the attention of the trial court to the fact that the information failed to allege that dice was being played for money, property, checks, credits or other representatives of value as required by the statutes involved in the prosecution. 21 O.S.1951 §§ 941, 946. At the conclusion of the argument of counsel for the accused the trial court asked the county attorney what he had to say in response to the contention of the accused and he stated, "We are willing to stand on our information." The trial court thereupon overruled the demurrer.

■ There are cases tending to sustain the contention of the accused. Proctor v. Territory, 18 Okl. 378, 92 P. 389; Brown v. State, 5 Okl.Cr. 41, 113 P. 219; Johnson v. State, 10 Okl.Cr. 597, 140 P. 622; Drake v. State, 91 Okl.Cr. 142, 217 P.2d 191. When the attention of the trial court was called to the alleged defect in the information, the county attorney instead of taking such great pride in his authorship of the information should have asked permission of the court to amend his information by interlineation to make the information comply with the provisions of the statute. We are very liberal in the construction of informations and it is unnecessary for us to hold that the information was insufficient as we have come to the conclusion from an examination that the case must be reversed because the evidence was insufficient to sustain a conviction under the statutes involved. 21 O.S.1951 §§ 941, 946.

■ The proof of the State substantially was as follows: The county attorney testified that on December 17, 1954, he drove to near the Southern Club in Lawton; that he walked to an outside door of the building and listened at the door which was on the south side of the building; that he could hear the murmur of voices but could not distinguish what was being said; that he could hear a rattling noise which sounded as if two hard objects were being knocked together. That Oral Ridgway, an investigator from his office, was with him; that after hearing these noises he returned to the courthouse where a search warrant was procured; that he and Mr. Ridgway accompanied by two deputy sheriffs returned to the Southern Club; that when he entered the premises he saw several people coming out of a room that said "Lounge"; that he entered this room and there were six or eight men in the room; that two men were folding up a green cloth from a table; that at the east end of the room there was another table about 3 x 5 feet; that behind this table was a high stool and at the west end of the room was a table with a semi-circular plywood board top with a green felt cover; that they also found a long stick with a curved end, a half of a billiard ball and one playing card. The playing card had the manufacturer's name and trademark on it and stated, "May be used as extra joker." On cross-examination he testified that he found no dice on the premises; that he found no dice cup; that he thought the rattling or clicking noise which he heard was that of dice being clicked together. That he did not hear any expressions from any of the persons in the room that he would normally expect to hear in a dice game; that there were actually six persons in the room.

Oral Ridgway testified that he went with the county attorney to the Southern Club about 10:00 P.M.; that he went to the south side of the building with the county attorney but he was approximately 20 feet east of the prosecutor and did not hear the noises which the county attorney said he heard. That he returned to the night club with the county attorney and the two officers, that a band was playing just like any band playing at a night club; that four soldiers were arrested in the room where the alleged gambling paraphernalia was found and were taken to the county attorney's office for questioning. (On cross-examination witness admitted that none of the names of these soldiers were endorsed on the information as witnesses.)

Arvel Roberson, a deputy sheriff, testified that he went to the Southern Club between 11:00 and 12:00 P.M. with the county attorney; that he had a search warrant in his possession and served the warrant on the man at the cash register; that he stayed at the west door to the club to prevent people from leaving; that the county attorney brought some articles which he considered as being gambling paraphernalia to him. The witness then qualified as an expert with 25 years experience of being around dice games and said that the stick with the curved end was an instrument commonly used to rake in the money at a dice table. Over objection he was permitted to testify that a dice game could be played on a cloth such as shown to him by the county attorney and that the half of a billiard ball could have been used to mark the number of the point of the player throwing the dice. This concluded the evidence of the State and no evidence was introduced on behalf of the accused.

This was not a prosecution for the possession of gambling paraphernalia. Defendant was specifically charged with a violation of 21 O.S.1951 § 946, it being alleged that the accused was the manager of a place where the gambling game of dice was being carried on. Not one word came from any witness that a dice game was in operation and the circumstances were wholly insufficient to establish that fact. The only thing remotely indicating that a dice game was in progress was the testimony of the county attorney that he heard a clicking sound such as could have been made by dice being hit together. He could hear this clicking noise on the outside of the building but he could not recognize any word being stated by anyone on the inside of the building but could hear the murmur of voices. He also could hear the band playing. This was acute discernment. We have a strong suspicion that the defendant was engaged in operating a dice game, at least he had a table where dice could be thrown. The single playing card would more strongly indicate a gambling game being played with cards, but that was not charged in the information. No money nor dice were found nor was there any expression of a participant indicating a dice game was in progress. Evidently the people in the room where the articles were found refused to state that gambling was being done as their names were not endorsed on the information as witnesses. Although the evidence in this case was not as strong, the facts are similar to those of Ferguson v. State, 52 Okl.Cr. 264, 4 P.2d 696, 697. It was there stated:

"At the time charged, the sheriff and two deputies, with a search warrant, went to the residence of one Hall. They forced their way into the house and found a crap table and cloth, designated a dice blanket, with numbers on it, a dice cup and dice, and 65 cents in money. One witness testified that, as they entered the house, Hall called out, 'Abe clean up,' and the same witness testified he heard the sound of money rattling. Another officer with this witness did not recall hearing this expression. The defendants were in or going into an adjoining room when the officers entered. They all testify that they did not participate in any game and that no gambling had been going on.

\*     \*     \*     \*     \*     \*

"In cases where the charge is gambling, usually something more than the mere finding of paraphernalia for gambling is required; some noise, expression, or conduct indicating that a gambling game is in progress. Here only one witness testifies to an expression that might indicate a playing of a game of chance or which might indicate only the presence of gambling devices. We have a very strong suspicion that defendants were engaged in a crap game or were preparing to enter into one, but are not able to say the evidence proves that a game was being played."

See also Smith v. State, 94 Okl.Cr. 87, 231 P.2d 371; Drake v. State, supra. In Bur-

gess v. State, Okl.Cr., 273 P.2d 153, 154, the defendants were convicted for engaging in a gambling game with dice. On appeal the Attorney General confessed error. In reversing the case this court stated:

"It further shows that at the place where the offense was supposed to have been committed or the gambling was being conducted when they approached the place they saw a large number of automobiles, 12 or 15, parked in the yard. The house where the gambling was supposed to be conducted was 12 x 18 feet. They observed people through the window moving in and about the establishment. They proceeded to go inside of the house but they did not discover anybody gambling. They found a pair of dice under the table and a man who had some money in his hand, that one of the officers Bill Bryant, jerked the money out of the man's hand and threw it on the table. These defendants were charged with gambling under the provisions of Title 21, O.S.1951 § 942. While the crime of gambling may be proven as any other crime by circumstantial evidence, McCarty v. State, 21 Okl.Cr. 365, 207 P. 1069; Rush v. State, 22 Okl. Cr. 126, 210 P. 316; Crosby v. State, 37 Okl.Cr. 312, 257 P. 1113, something more than the mere finding of paraphernalia for gambling is required. It has been held that there must be some noise, expression or conduct indicating that a gambling game is in progress. A strong suspicion is not a substitute for proof. Ferguson v. State, 52 Okl. Cr. 264, 4 P.2d 696. The record herein does not disclose that any of these defendants as charged had engaged in gambling of any kind or that any other persons were engaged in gambling at the time and place alleged, even though there was a suspicion that there had been."

In order for this conviction to be sustained this court would have to hold that the testimony of the county attorney that he heard a clicking noise, together with the finding of paraphernalia that could be used for gambling, was sufficient to establish the commission of the crime of gambling with dice. We cannot sustain the conviction upon such frail proof.

Reversed.

BRETT and POWELL, JJ., concur.