Rebecca F. JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14448.

Court of Criminal Appeals of Oklahoma.

June 25, 1969.

**832**

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

This is an appeal from a conviction for the crime of burglary second degree in the District Court of Pottawatomie County. Plaintiff in error, hereafter referred to as defendant, was tried by a jury which found defendant guilty, and assessed punishment at two years imprisonment.

Defendant's Motion to Suppress Evidence was overruled prior to the commencement of trial. Likewise at the time the State introduced into evidence the items allegedly stolen, defendant again objected to the evidence for the reason such was obtained from defendant's office without a search warrant in violation of her constitutional rights, which objection the court overruled.

Article 2, § 30 of the Oklahoma State Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

The record before the Court is clear that the arresting officers entered the office of defendant in the Alridge Hotel in Shawnee, Oklahoma, on a "hunch" while making a routine investigation into various burglaries, which had occurred within the City. It is also clear that the office was not one open to the public; that the entry was made without the aid of a search warrant and without permission of the defendant, or either of the two employees working in said office. The officer testified that he opened the door and walked inside the office. Once inside, the two officers observed a small radio which met the description of one reported to have been stolen, so they waited for defendant to return. When defendant returned to her office, she was arrested and taken to the Police Station, after which she was charged and tried for second degree burglary.

In a recent case decided by the United States Supreme Court, Sibron v. New York, 392 U.S. 40, 63, 88 S.Ct. 1889, 1902, 20 L. Ed.2d 917, 934, the following was recited:

"It is axiomatic that an incident search may not precede an arrest and serve as part of its justification." [Citations.]

See also: Gore v. State, 24 Okl.Cr. 394, 218 P. 545 (1923); and Roedl v. State, 76 Okl.Cr. 1, 133 P.2d 558 (1943).

We are of the opinion that the evidence used to sustain this conviction was illegally obtained; and as a consequence thereof, this case must be reversed. It is there-

fore the order of the Court that defendant's conviction in this case is hereby reversed with instructions to dismiss the charge, unless the State possesses other admissible evidence with which to sustain a conviction. Judgment and sentence reversed, with instructions.

BUSSEY and NIX, JJ., concur.